NEW ORLEANS CANAL AND NAVIGATION COMPANY *v.* THE CITY OF NEW
ORLEANS.

The plaintiffs were not subrogated, either by law or covenant, to the rights and privileges of the
" Orleans Navigation Company," which corporation was dissolved by decree of this court in 1852.
It is for the party only whose rights have been invaded to plead the nullity of a law as impairing
the obligation of a contract.

APPEAL from the Third District Court of New Orleans, *Kennedy* J.
E. H. *Durell* and C. *Morel*, for plaintiffs and appellants.  J. *Livingston*,
for defendant.

SPOFFORD, J.   The plaintiffs seek to enjoin the city of New Orleans from
draining its streets, squares, &c., through artificial canals and by the aid of
machines, into the Bayou St. John, on the ground that such a system of drain-
age has the effect to render the bayou unfit for navigation by filling up its bed,
defiling its waters, and generating pestilential gases and noisome odors.

The plaintiffs base their right to interfere upon the assumption that this sys-
tem of drainage by the city is a violation of the absolute right of the " New
Orleans Canal and Navigation Company."

The New Orleans Draining Company was incorporated on the 19th March,
1835, with a view to the establishment of the present system of drainage to
facilitate the passing off of the waters " into the lake, Bayou St. John, or else-
where."   (Acts 1839, p. 79, sec. 21.)   Three draining machines have been
erected at the junction of canals with the bayou, which create or increase the
current from the drains into the bayou by means of splash wheels propelled by
steam.   One of these machines was erected in 1837, a second in 1840, and a
third in 1845, and they have been in operation ever since.

In pursuance of the amended charter of the Draining Company, approved
on the 20th March, 1839, (sec. 13,) the machinery, levees, &c., erected by the
company, have been delivered over to the city, which has assumed the obliga-
tion imposed upon it by that law, of keeping the works in operation.

But the company which now sues came into existence on the 18th October,
1852.   It is a voluntary corporation, organized under the general law of March
12th, 1852, "for the purpose of improving the Canal Carondelet and the navi-
gation of the Bayou St. John."

It is obvious that a voluntary company, organized in 1852 for the purpose of
improving the navigation of the Bayou St. John, unless it is endowed with or
subrogated to the anterior rights of some other company or party, cannot com-
plain of a system of drainage which has constantly been pursued under the
authority of the sovereign power, as manifested by a legislative grant in 1835.
To meet this difficulty, the plaintiffs' counsel contends that the New Orleans
Canal and Navigation Company, created in 1852, is the successor of the Orleans
Navigation Company, incorporated in 1805, and fully subrogated to all the
rights, privileges and franchises of that company.

In 1852, by a final decree of this court, it was " ordered, adjudged and de-
creed, that the corporation of the Orleans Navigation Company has forfeited
its charter; that it be dissolved and henceforth extinct, for the violations of
the conditions of the Act of incorporation."   See 7th An. 679.

The appellants claim to succeed to all the franchises and rights of action of the extinct company, by virtue of an Act approved March 18th, 1852, entitled, "An Act relative to the Orleans Navigation Company, the Bayou St. John and Canal Carondelet," and by virtue of a sale of the property of the Orleans Navigation Company, made under the provisions of said Act, at which they became the purchasers.

The Act itself confers upon them no such universal succession. The fourth section is explicit in defining the right bestowed and the conditions of its bestowal. Referring to the sale of the property of the extinct company, it declares "that it shall be a condition of said sale, that if the purchasers shall organize themselves into a corporation under the laws of this State, for a term of twenty-five years, for the purpose of carrying out and effecting all the improvements detailed and described in the reports and plans known as Harrison's reports and plans, including the construction of a new basin at the junction of Canal Carondelet and Bayou St. John, of the depth and dimensions set forth in said reports, and shall actually complete and effect all said improvements within the term of three years from the date of their charter, then the said corporation shall be entitled to receive and exact all such tolls and revenues for the use of said canal, bayou and road, as the Orleans Navigation Company was entitled to receive under its charter; provided, that at the end of said term of twenty-five years, the State of Louisiana shall have the option either of granting to said corporation a renewal of the right of receiving said tolls for a second term of twenty-five years, or of purchasing for itself the property and improvements of the company at the appraised value thereof; and provided further, that if said second term of twenty-five years be granted, the whole property shall revert to the State of Louisiana, at the end of said second term, without any payment or compensation made to said company."

It will here be seen that the old company is only alluded to in order to fix the rate of toll which this company shall be permitted to charge by the grant of the Legislature, and not by virtue of its purchase of the property of the old company.

If the sale of the "property" included a sale of all the rights and franchises of the former company, it was superfluous for the Legislature to say anything about the rate of toll to be charged by the new company.

Hence, the "entire property of said company, real and personal, movable and immovable," of which the liquidator was to take possession, and sell at auction, according to the first section of this Act, only embraced corporeal things owned by and moneys due to the company. This property did not embrace the chartered rights of the company which, before the sale, had been extinguished beyond recall.

We conclude that all the plaintiffs' rights accrued in 1852, and that the New Orleans Canal and Navigation Company has never been subrogated, either by law or by covenant, to the rights, franchises and privileges in general of the Orleans Navigation Company. It is, therefore, unnecessary to inquire whether the legislation of 1835 and 1839, and the action of the Draining Company and the city under it, infringed the privileges of the Orleans Navigation Company, and might have been enjoined by it. Whatever right of action that company had in this behalf has not been transferred to the present plaintiffs; it perished with the old company.

Nor can the present company be heard to plead that the legislation of 1835

NAVIGATION CO.
v.
NEW ORLEANS.

and 1839 was unconstitutional in impairing the vested rights of the old company; that was a matter entirely between the State and the old company, in which this company has no interest, because it is not the universal successor of the other; that legislation certainly impaired no vested rights of a company which came into being ten years afterwards; and it is only for the party whose rights are invaded to plead the nullity of a law impairing the obligation of a contract.

The plaintiffs entered upon an arduous undertaking with their eyes open; they assumed to dredge and keep in navigable order the Bayou St. John in spite of the draining machines; and the evidence shows it can be done. The fact that it is expensive does not give the new corporation a legal right to drive the city to abandon its ancient system of drainage into the Bayou St. John, which is naturally subject to a servitude of drain, and to open at a heavy cost new channels from the river to the lake shore. It is probable that such a system must ultimately be adopted. But this is an important question of police, with which we cannot interfere under the showing made by the plaintiffs in injunction. As we do not find that the city has done or is doing anything in violation of the vested rights of the New Orleans Canal and Navigation Company, it is ordered that the judgment appealed from be affirmed, with costs.