## No. 12,232.

### STATE OF LOUISIANA VS. B. R. FORMAN.

An ordinance of the City Council declaring a penalty for non-compliance with an order given by an officer of the Board of Health to repair any vault found leaky, which fails to cast upon any particular person or persons the duty of making the repairs, is too vague and uncertain to be made the basis of a penal or criminal action.                                    ‡ ⁚⁚

ON APPEAL from the First Recorder's Court of the City of New Orleans. *Finnegan, J.*                              ⌐

*B. B. Howard* for the Board of Health, Plaintiff and Appellee.   ⌐

·. *Benjamin Rice Forman*, Defendant and Appellant, *in propria persona.*

· Argued and submitted December 17, 1896.

·: Opinion handed down February 21, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J.   On the 21st of July, 1896, one J. McCormack, an ·officer of the State Board of Health, made an affidavit before the recorder of the First Recorder's Court of New Orleans to the effect, "That on the 21st day of July, 1896, at about 9:30 o'clock A. M., at 819 Camp street, between Julia and St. Joseph streets, in this district and city, one B. R. Forman did then and there violate Ordinance No. 6022, Sec. 17, relative to repairing of privy vaults, all against the ,peace and dignity of the State.

· Wherefore deponent charges the accused with violating Ordinance 6023, "Sec. 17, and prays that he be arrested and dealt with according to law."

The defendant appeared pleading that the city ordinance under which the charge was made was illegal and unconstitutional, null and void: (1) Because the city had no right to delegate arbitrary power to the Board of Health officers, and no power to compel defendant to advance money for another, or work for, or upon the property of another, and to do so would deprive him of his money and property without process of law.

He later on pleaded that no ordinance had been passed requiring defendant to repair any privy vault, and if any such ordinance should be produced he denied that the property in question belonged to him, or that he had any interest therein, or that he had any money in hand belonging to the owner at the time of the alleged notice; that any ordinance which might propose to compel defendant to do any work upon the property of another, or to advance any money for repairing the property of another, would be in violation of the Constitution of the State and of the United States taking property away him from without due process of law.

: · After hearing, the recorder "fined the defendant ten dollars or fifteen days."

,:. Defendant appealed.....'

In the Supreme Court defendant assigned for error apparent on the face of the record: 1. That an officer of the Board of Health had no power to institute a prosecution in the name of the State of Louisiana, for the alleged violation of an ordinance of the city of New Orleans. 2. The charge was void for uncertainty, as it did not charge any act or omission to do any act in violation of any valid ordinance of the city oi New Orleans. 3. No ordinance of the city of New Orleans was offered in evidence, so the defendant might be informed of the nature and cause of the accusation against him. 4. If the court would take judicial notice of the alleged Ordinance 6022, Secs. 17 and 35, then the ordinance was void for uncertainty; it did not say who might be ordered to empty, repair or rebuild a vault; it illegally delegates a power of government to another body or officer—the city of New Orleans itself, exercising delegated powers, could not delegate those powers to another. 5. While the city of New Orleans has the power, under Sec. 7 of Act 20 of 1882, and Act 41 of 1890, to provide that any owner, tenant or occupant of any premises must keep the privy vaults clean and in repair; and that if on being notified by an inspector of the Board of Health, in writing, specifying the cleaning or the repairs necessary, such owner, tenant or occupant should fail to clean, repair or rebuild such vault in the manner directed in a time to be fixed in the ordinance, he should be fined and imprisoned, no such ordinance had been passed, and defendant denied that the city of New Orleans had the power to delegate to the Board of Health, or its officers, who should or might be ordered to empty or to repair or rebuild a privy vault, and it had no power to compel an agent or attorney of the owner, who had no funds of the owner of the premises in his hands to advance the money out of his own pocket to repair or rebuild a vault, and any such action would deprive such agent or his attorney of his property without the process of law in violation of Art. 6 of the Constitution.

6. On the facts disclosed in the record no violation of any city ordinance was shown.

7. For these and divers other illegalities apparent on the face of the record, the judgment and sentence of the recorder, that the defendant pay a fine of ten dollars or imprisoned twenty days was illegal, and defendant prayed it be reversed and defendant discharged, and that he have judgment against the city of New Orleans,

or the Board of Health, or J. McCormack, as the court should adjudge, for costs.

OPINION.

The ordinance under which appellant was convicted reads as follows:

" Sec. 17. Whenever any privy vault shall be found defective or leaky, the Board of Health through its proper officer may order the same to be emptied and repaired or rebuilt.

" Sec. 35. The penalty for any violation of any section or portion of this ordinance, shall be a fine not exceeding twenty-five dollars recoverable before the recorder of the district, wherein the offence was committed, or in default of payment of the fine, imprisonment not exceeding thirty days for each and every offence."

We have to accept as true that the vault of the premises referred to in the evidence was defective or leaky—that the Board of Health had ordered defendant to repair the same, and that he had failed, and neglected to do so, inasmuch as those facts have been so found by the recorder, and we can not go behind his finding. We have to examine the rights and obligations of parties from this standpoint.

Under our limited appellate jurisdiction in matters of this character, several of the questions presented by appellant can not be reached.

If the city ordinance had on its face designated the mode and manner of its execution, and that method had been illegal or unconstitutional, that fact, being part of the ordinance, would be properly examinable by us; but where it is silent on this subject, and the illegality of the method of enforcement arises not from the ordinance, but from the error of the parties entrusted with its execution, relief must be sought by *certiorari* or prohibition, or both—not by appeal. Had appellant sought relief in that form he would have presented a very strong case, as the ordinance complained of authorizes a penal, not a criminal action, and it should have been brought in the name of the city of New Orleans. We say this much, as it may prevent useless future litigation on that subject.

Appellant contends that the evidence establishes that he is an attorney at law, and his functions as agent are confined to receiving rents, and that as such he can not constitutionally be ordered to advance moneys of his own for the use and benefit of the owners of the property. The evidence shows that the property in question

was occupied by third parties under a lease executed by appellant as agent of the owners. We are not prepared to say that the acceptance of an agency requiring for its proper performance an outlay of money should not, by the very fact of such acceptance, carry with it the duty and obligation on the part of the agent of making necessary outlays for that purpose, not only as between his principal and himself, but as between himself and the public authorities when such duty has been imposed by law.

*By Sec. 3* of Act No. 85 of 1832, the Legislature has expressly charged parties who collect the rents of property with the obligation of furnishing such premises with adequate means of water supply, but though ordering the inspection by officers of the Board of Health of private premises for the purposes of insuring their cleanliness and healthfulnes, it has not imposed affirmatively any duty in respect thereto upon agents of owners.

The General Assembly has, by Sec. 7 of Act 20 of 1882, delegated to the Common Council the power to pass an ordinance upon that subject, but we are not advised of any other ordinance than the one which is herein complained of.

That ordinance declares a penalty for non-compliance with an order given to repair any vault found leaky given by an officer of the Board of Health, but it nowhere casts, by ordinance, upon any particular person or persons the duty of making such repairs.

Ordinances regulating this subject, which do not on their face affirmatively impose the duty and specify the parties charged therewith, are, in our opinion, too vague and uncertain to be made the basis of a penal or criminal action based upon the ordinances. The ordinance, in our opinion, is illegal.

We are of the opinion that the judgment appealed from is not sustainable. For the reasons assigned:

It is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and the suit dismissed.

MILLER, J.—I concur in the decree.

MR. JUSTICE BLANCHARD takes no part, not having been a member of the court when the case was argued and submitted.