(64 South. 803.)

No. 19,718.

## CORPORATION OF TOWN OF HAMMOND v. BADDEAU.

(March 2, 1914. On Application for Rehearing, March 30, 1914.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 122*)—VIOLATION OF ORDINANCE—PROOF.

Where a municipality is prosecuting one for a failure to comply with a sanitary ordinance, it must first show, by introducing its charter, or showing a compliance with Act No. 136 of 1898, that it had the power to pass the ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 281–289; Dec. Dig. § 122.*]

2. MUNICIPAL CORPORATIONS (§ 642*)—VIOLATION OF ORDINANCE—DISPOSITION ON APPEAL.

Where a municipality, in a prosecution for a violation of a sanitary ordinance, fails to show that it had the power to pass the ordinance, the case will be remanded to permit the municipality to show that it had the necessary power to enact the ordinance in question.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1412–1415; Dec. Dig. § 642.*]

Appeal from Municipal Court of Town of Hammond.

George Baddeau was convicted of violating an ordinance of the Town of Hammond, and appeals. Reversed and remanded.

Hiddleston Kenner, of New Orleans, for appellant. R., C. & S. Reid, of Amite, for appellee.

BREAUX, C. J. The defendant is appellant from a judgment condemning him to pay to the town of Hammond the sum of $7.50, cost of court, and, in default of payment of the fine and cost, to be imprisoned in the town jail for a period of ten days.

The board of health officer of the town, in an affidavit filed in the mayor's court, charged the defendant with having committed the offense of "violating Ordinance No. 142 of the town" by failing and refusing to "arrange his closet or privy in compliance with the ordinance," contrary to the ordinance, and against the peace and good order of the state.

The defendant had been given notice some time prior to have his privy or closet "arranged to receive sanitary buckets within five days."

The defendant in a lengthy answer denying that Ordinance 142 is constitutional, alleged: That it was passed without legal authority. That the town of Hammond is only given the authority to "regulate and prohibit the construction of vaults and cesspools, and regulate and suppress those constructed, and compel and regulate the removal of garbage and filth beyond the corporate limits." That it has no authority to engage in constructing and cleaning closets or privies, nor remove them, or establish a monopoly, nor to ordain that "it shall be unlawful for any private person to do the work." That Hammond cannot impose fixed charges or compensation in advance of service rendered, nor prevent persons from performing the work themselves.

That the town is without authority to ordain that the failure and refusal of the occupant of the house to pay the charge for services rendered shall be a crime and misdemeanor. That the town has no right to imprison for debt.

That no time is fixed within which the work shall be done. That he has violated no ordinance in taking his own time to comply with the ordinance, if it be legal.

That he cannot be punished for not constructing closets and privies in accordance with the "style system." His own improvements are ample in this respect, clean and sanitary. That he has no cesspool or privy vault in use.

He has described the receptacle in his use, and has alleged other grounds of complaint

to the same effect; that it is an imposition of his rights to compel him to make the changes and rearrangement proposed.

There are several letters in the record, which we pass without comment.

An employé of the city board of health served a notice on the defendant requiring him to reconstruct his closets and privies in conformity to the style system and to the Ordinance No. 142. He swears that he received a letter from the accused regarding the notice.

There is no question but that the defendant had been duly notified.

This witness, Verburg, sanitary officer, states that he had been appointed sanitary officer, and had been given the contract to furnish buckets and clean closets under Ordinance 142; that he expected to make a profit out of the contract, and it did not cost $1 to furnish the buckets, unless the buckets had to be renewed; that each bucket did not cost $1; that he had to supply each closet with two buckets, and expected the buckets to wear out before the year expired.

It is not alleged that plaintiff acted with the consent and approval of the board of health.

The defendant swore that he owns five or six houses in Hammond, none of which are provided with cesspools and privy vaults; that he was expecting to construct in his house a sanitary closet with a flow of water; that he did not consider it necessary to construct a closet and change the one in use to conform with the style system. He continued to testify on that line, representing that his closets were in a sanitary condition, and that he was willing at all times to clean same, if found unsanitary by the health officers. It would not cost him anything to keep the closets clean, as the work was done by a boy who performed other work around the premises; that he never was informed that his premises were unclean or unsanitary; knew nothing of the style system of closets.

Plaintiff has not proved what the "style system" is; whether in accordance or not in accordance with the Sanitary Code.

[1] The ordinance attacked has been loosely drawn. It might serve the purpose intended if there was proof of laws sustaining the ordinance. The plaintiff did not introduce the charter of the town in evidence, nor is it proven that the town is conducting its administration under Act 136 of 1898. It is not proven that the board of health has ever taken any action in the premises, nor that the town was proceeding under any authority of the board of health. Only the ordinance of the town is in evidence. We have said before that it was not drawn with care. The reference to those upon whom it devolves to obey and carry out the ordinance might have been more direct. The time within which to comply with the ordinance ought to have been stated.

The court said, in substance, in State v. Forman, 50 La. Ann. 1026, 24 South. 603, that ordinances should be clearly drawn when made the basis of a criminal action.

Certainly in this prosecution it devolved upon plaintiffs to prove under what laws they are proceeding.

Although the subject is not attractive, it is important.

A community, through its representatives, seeks to improve sanitary conditions. While this can only be done in accordance with delegated authority, it must be made to appear that there is delegated authority.

[2] On the other hand, the town must be given every reasonable opportunity of proving that it is proceeding within the laws.

For that reason, where public corporations are concerned, cases have been remanded, instead of dismissing the suit.

We think this is another instance justifying the remanding of the case.

On the appeal, plaintiff is not represented by counsel.

For reasons stated, the judgment appealed from is avoided, annulled, and reversed. The case is remanded to afford an opportunity to plaintiff to amend its pleading and try the case anew, the town of Hammond to pay costs of both courts.

PROVOSTY, J., absent on account of illness, takes no part.

### On Application for Rehearing.

PER CURIAM. The court remanded this cause to enable the plaintiff to show, if it can, that the ordinance in question was passed pursuant to some provision of the Sanitary Code of the state, or some resolution of the local board of health.

With this explanation, the application for a rehearing is denied.