SOMMERVILLE, J.
This proceeding by mandamus is a sequel to the one just decided, No. 20,617, and entitled State ex rel. Young v. Hall, Governor, et al., 65 South. 596.[1] Tire parties respondent are the auditor and treasurer of the state, but, the alternative writ addressed to the treasurer was recalled; and, as no appeal was taken by the relator from the order recalling that writ, the treasurer is not before the court.
Relator, alleging himself to be the state examiner of state banks, under appointment by the Governor of the state, and entitled to receive a warrant from the auditor for his services during the month of March, 1914, on his own warrant, for $375, and that he was further entitled to receive a warrant for office expenses, assistants’ salaries, traveling expenses, and stenographer’s bills, in the sum of $700, obtained an alternative writ, which was subsequently made peremptory, directing the auditor to audit for the salary and office expenses of reliitor for the *672 months of March and April, 1914, etc. Respondent, Capdevielle, auditor, has appealed.
Relator was appointed to office July 9, 1912, by the Governor of the state, by virtue of the first paragraph of section 1 of Act 112, 1910, p. 173, which is as follows:
“That the Governor shall appoint, with the advice and consent, of the Senate, an officer who shall be known as the state examiner of state banks. * * * The state examiner of state banks shall be commissioned on taking and filing the necessary oath of office and shall serve for a term of four years from the date of his induction into office, unless sooner removed by the Governor in the exercise of his discretion.”
And the Governor, under the authority of the last quoted clause, removed relator from office March 7, 1914.
The title to Act 112 is, “An act to put into effect article 194 of the Constitution of 1898,” etc., which constitutional provision is as follows:
“Art. 194. There shall be appointed by the Governor, by and with the advice and consent of the Senate, a state examiner of state banks, who shall be an expert accountant, and who shall make examinations of all state banks at least twice in every year. His term of office shall be four years and the Legislature shall define his duties and fix his compensation.”
[1] The point submitted for decision is the alleged uneonstitutionality of the clause in the above quoted sentence in the act of 1910, which gives to the Governor, in the exercise of his discretion, the right to remove the state examiner of state banks.
It is argued that the Governor is not given such power in article 194, quoted above; that the Constitution, in articles 163 and 220 has delegated to the Legislature exclusively the right to remove or impeach all civil officers, including the state examiner of state banks, “except those whose removal is otherwise provided for by this Constitution”; that the Legislature was not given authority to delegate the power of removing relator from office to the Governor of the state, or to any other person; that the clause referred to in the act of the Legislature, No. 112, is therefore unconstitutional; that the action of the Governor thereunder is illegal, unconstitutional, and without effect.
It is also urged that said clause in the act of the Legislature is unconstitutional for the reason that it is not covered by the title of the act, that the title does not refer to removals from office, and that it refers to another object, viz., “to put into effect article 194 of the Constitution of 1898,” etc., and that the right of removal of the state examiner of state banks from office is a second object, all contrary to article 31 of the Constitution.
[2] We shall give consideration to the objection to the title of Act 112 of 1910, p. 173, as, in our opinion, it will dispose of the case; and consideration of the other matters argued will be unnecessary.
The title to the act is a lengthy one, and it does not mention the removal of the state examiner of state banks. It refers to his appointment, duties, salary, and his relations to other state officers, etc., and, in the body of the act, all of those things are provided for. The act, as we have seen, goes further than the title, and provides for the removal from office of the bank examiner in a manner, and by a department of the government, different from those directed by the Constitution.
The Constitution created the office of state examiner of state banks in article 194, and provided for his removal in article 163 or article 220, by address of the Legislature.
Had the Legislature, in carrying out the several articles of the Constitution referring to the bank examiner, provided for his appointment and removal in one act, or had it created an office, and, in the same act provided for the appointment and removal of the incumbent, the matters might be considered germane, or even, that the act embraced but one object. But when the Legislature does not follow the articles of the Constitution, and attempts to delegate its own power of *674 removal to another, or when it does not create the office, and does not, in either case, express the power of appointment and removal in the title to such an act, that portion of the body of the act which is not covered by the title is unconstitutional, null, and void, as being in violation of article 31 of the Constitution.
The Legislature, in the title of Act 112, has not expressed an intention to provide for the removal of the bank examiner from office, and the act is therefore unconstitutional in so far as it provides for his removal; and the action of the Governor in removing relator from office under Act No. 112 was unauthorized, null, and void.
It is unnecessary to review the pleadings and argument to the effect that the appointment and removal of the state examiner of state banks are provided for in widely separated articles of the Constitution, and that when the Legislature acted as is hereinbefore indicated, the provision of the act transferring or giving the right of removal to one different from the one indicated in the Constitution is a different object, or that it could not be done.
And it is unnecessary at this time to decide whether article 163 of the Constitution of 1898 is inconsistent with article 220 of the present Constitution, and thereby repealed or not. We observe that article 220 in the Constitution of 1913 is different from article 220 in the Constitution of 1898, in that the words “the governor shall remove” are not in the new article 220, when providing for removal by address of the General Assembly. And article 78 dispenses with the necessity of the approval by the Governor of an order, resolution, or vote on an address for removal from office.
Relator is not technically entitled to the whole relief sought and granted by the trial court. He is entitled to receive from the auditor a warrant for his salary for the month of March, 1914, on his own warrant or voucher. The trial judge fell into error in including in, the judgment relator’s salary for the month of April. It was not claimed in the petition, and it formed no part of the alternative writ issued in the proceeding. The “traveling expenses and other necessary incidental expenditures in the proper conduct of his (the relator’s) office” must be approved by the Governor before the auditor can issue a warrant for them, and relator does not allege that such approval was obtained; relator is not, therefore, entitled to a peremptory writ of mandamus for these items; and, as they are commingled with salaries of assistants, clerks, and stenographers in relator’s employ the application for a writ for the entire sum of $700 will be denied.
[3] Respondent invokes the earlier doctrine that the peremptory writ must strictly follow the alternative one, and that if the alternative writ, in its entirety, will not be made peremptory, the proceeding for mandamus must fail utterly. We have heretofore amended judgments making alternative writs peremptory; and ordered the performance of only parts of the acts referred to in alternative writs, when the acts were independent of each other; and we shall do so in this case. State ex rel. Thurmond v. Shreveport, 124 La. 178, 50 South. 3, 134 Am. St. Rep. 496; 26 Cyc. 490; State ex rel. Collens v. Jumel, 30 La. Ann. 861; State ex rel. De Leon v. City, 34 La. Ann. 477.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by striking therefrom reference to the salary of relator for the month of April; 1914, and all reference to office expenses; as thus amended, the judgment is affirmed at the cost of relator.

 Ante, p. 420.