MONROE, C. J.
Defendant was prosecuted by means -of an affidavit, reading as follows:
“Personally came and appeared before me, the undersigned authority, * * * sanitary officer of Hammond, La., who, after being duly sworn according to law, doth depose and say that G. T. Badeau did willfully and maliciously neglect and refuse to comply with the provisions of Ordinance No. 142 of City of Hammond, as amended by Ordinance No. 5, Commission Series, by failing to install closet of Styles System; all of which is contrary to form of ordinances of the said city in such .cases made and provided, and against the peace and dignity of the state.”
Defendant, through his counsel, demurred tx> the affidavit, upon the ground, among others, that the ordinance is void for uncertainty. We find no “Ordinance No. 5, Commission Series,” in the transcript, but both counsel refer us to Ordinance No. 142, in transcript No. 19718 (being a case similar to this, against the same defendant), and do not mention “Ordinance No. 5, Commission Series.” *1097 We shall therefore accept Ordinance No. 142 as the only one to be considered, and section 1 of that ordinance as the only section to be considered, since, so far as we know, the “Styles System” is neither mentioned nor alluded to in any other section.
Section 1 ordains:
“That all closets, or privies, hereafter constructed within the corporate limits of the town of Hammond shall be constructed in accordance with the ‘Style System,’ and all closets or privies now in existence shall be converted, as far as possible, to conform with the ‘Style System,’ and that tbe cleaning of said closets and privies shall be done exclusively under the direction and in accordance with the rules and regulations established by the board of health, and it shall be unlawful for any private person to do such work.”
Defendant’s counsel says, in his brief, that he finds it hard to understand why the town authorities should have selected his client as the individual whose duty it is to install the “Style,” or “Styles, System.” He also seems to complain that the ordinance gives no information as to the “Style,” or “Styles,” or the “System,” and he leaves us to infer that he is at a loss as to whether Hammond (which, in this record, is sometimes called “the corporation of the city of Hammond,” sometimes “town of Hammond,” and again plain “Hammond”) would prefer winter or spring styles, and, if so, whether they are to be systematized after the German methods, or otherwise. He lacks information, boo, upon bhe question of time, for which the ordinance makes no provision, and desires to know whether the “Style,” or “Styles, System,” or the Styles and the System, should be introduced gradually, or brought in suddenly, and, if so, when, and as to the umpire who will determine, satisfactorily and in a manner to protect his client from fine and imprisonment, whether, and when, a closet has been “converted, as far as possible.”
As may be seen the section of the ordinance, above quoted, which alone refers to the “Style System,” provides:
“That all closets, hereinafter eonstmeted within the corporate limits, * * * shall be constructed in accordance with the ‘Style System.’ ”
But it imposes no obligation upon any one thereafter, to construct a closet, and yet the .offense with which defendant is charged is “failing to install closet of Styles System.”
An ordinance or statute should be framed in terms sufficiently clear and definite to show what it intends to require, or prohibit, and punish; otherwise, it is void for uncertainty. 12 Cyc. 141, 142. In State v. Forman, 50 La. Ann. 1022, 24 South. 603, it was held by this court (quoting the syllabus) that:
“An ordinance of the city council declaring a penalty for noncompliance with an order given by an officer of the board of health to repair any vault found leaking, which fails to cast upon any particular person or persons the duty of making the repairs, is too vague and uncertain to be made the basis of a penal or criminal action.”
The ordinance here in question is defective in the respect thus mentioned, and otherwise, and is therefore illegal and void.
The conviction and sentence appealed from are accordingly set aside, the affidavit quashed, and the defendant discharged, all at the cost of the city of Hammond.