(70 South. 61)

No. 21504.

STATE v. DUNSON.

(Nov. 2, 1915.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⬤➡1206—STATUTES—PUNISHMENT.

Rev. St. 1870, § 117, amended by Act No. 44 of 1894, Act No. 84 of 1896, and Act No. 135 of 1904, declares that no judge or justice shall practice in his own court, and provides that any person or persons violating the provisions of such act shall be guilty of a misdemeanor, and on conviction shall be imprisoned not less than six months, fined not less than $100, nor more than $500, be removed from office, and, in addition, have his license as an attorney at law revoked. Const. 1898, art. 155, which was in force at the time of the enactment of the act of 1904, declares that the General Assembly shall grade all misdemeanors and minor offenses against the state and fix the maximum and minimum penalties. *Held*, that the act is invalid as fixing a cumulative penalty, providing for imprisonment of not less than six months, with no maximum.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3271–3277, 3279, 3280; Dec. Dig. ⬤➡1206.]

2. JUSTICES OF THE PEACE ⬤➡10—PRACTICING LAW—STATUTES.

Const. 1868, art. 106, which was in force at the time of the enactment of Rev. St. 1870, § 117, prescribes a method for removal of justices of the peace. Const. 1879, art. 201, in force at the time of the passage of Act No. 44 of 1894, and Act No. 84 of 1896, prescribes the same method. While Const. 1898, art. 222, in force at the time of the enactment of Act No. 135 of 1904, makes similar provisions. This

provision was carried into article 222, Const. 1913. *Held*, that such statutes, regardless of what constitutional provision governs, are invalid, as providing a method of removal of justices of the peace other than that prescribed by the Constitution.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 16; Dec. Dig. ⬤➡10.]

3. OFFICERS ⬤➡61—REMOVAL—METHOD.

Where the Constitution provides a method of removal of any officer from his office, such method is exclusive.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 90; Dec. Dig. ⬤➡61.]

4. CRIMINAL LAW ⬤➡1210—STATUTES ⬤➡64—PUNISHMENT — CUMULATIVE PUNISHMENT—PARTIAL INVALIDITY.

Where such statutes provide a cumulative punishment, one portion of which is invalid, such invalidity carries with it the entire statutes; for the court is bound to impose the whole punishment, and cannot impose merely a part.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3298–3301, 3315; Dec. Dig. ⬤➡1210; Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. ⬤➡64.]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

C. E. Dunson was charged with illegally practicing law, and from a judgment sustaining a motion to quash, the State appeals. Affirmed.

R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., S. I. Foster, Asst. Dist. Atty., both of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State. Foster, Looney & Wilkinson, of Shreveport, for appellee.

PROVOSTY, J. The present appeal is by the state. The judgment is affirmed for the reasons given by the learned trial judge, as follows:

"Defendant, a justice of the peace of ward 2, Caddo parish, La., was indicted for practicing as attorney in a certain case before another justice of the peace of ward 2, Caddo parish, La.

"He files a motion to quash, the same containing about everything contained in the Constitution. Before going into the grounds for the motion, it might be better to briefly state the law covering the subject-matter.

[1] "We first have R. S. § 116, of 1870, provid-

ing that no judge can practice in any court; then R. S. § 117, providing that no judge, etc., can practice in his own court. The two articles make a distinction between practicing in any court and practicing in his own court; the penalty for the latter being much heavier. Section 117 was amended by Act No. 44 of 1894, extending its provisions to justices of the peace, and making it illegal to practice in any court. It was again amended by Act No. 84 of 1896, and again amended by Act No. 135 of 1904. The penalty provided by the act of 1904 reads: 'And that any person or persons violating the provisions of this act shall be guilty of a misdemeanor and on conviction thereof shall be imprisoned not less than six months, fined not less than one hundred dollars nor more than five hundred dollars, be removed from office, and in addition to the above penalty, the attorney at law shall have his license canceled, and shall be forever afterwards incapable of appearing and practicing as an attorney at law in any court of this state.'

"The penalty provided by Act No. 84 of 1896 is exactly the same as that provided in the act of 1904.

"The penalty provided by Act No. 44 of 1894 is also the same.

"The penalty provided by R. S. § 117, is also the same.

"One of the grounds for the motion is that the act of 1904 does not fix any maximum imprisonment in violation of article 155 of the Constitution of 1898, which was in effect when the act was passed.

"This article reads: 'The General Assembly shall grade all misdemeanors and minor offenses against the state, and shall fix the minimum and maximum penalties therefor.'

"Act No. 135 of 1904 fixes a cumulative penalty, providing for imprisonment of not less than six months, with no maximum. Under the act the imprisonment is one of the necessary parts of the punishment, and it seems to us for that reason the act is plainly unconstitutional. If the act had contained the disjunctive 'or,' it might be barely possible that the balance of the act could be held good, but, as it is, we do not think it can. See State v. Hageman, 123 La. 802, 49 South. 530.

[2-4] "Another ground for the motion is that all of these acts provide for removal from office as a necessary part of the punishment wherein the Constitution provides an exclusive method for removal.

"Where the Constitution provides a method for removal from office of any officer named therein, we think that is the only way to remove him, and any act providing a different method is unconstitutional. Of course, it is well known that, if a part of an act is unconstitutional, and that part can be separated from the constitutional part, then the balance of the act stands, and the unconstitutional part falls. But all of the acts herein called in question provide a cumulative punishment, and a judge has no power to impose merely a part, but must impose the whole punishment. Then, if a part of that punishment is unconstitutional, and cannot be imposed, it seems to us the whole necessarily falls.

"If the Constitution provides the method for removal of justices of the peace, constitutional officers, then that method is exclusive. State ex rel. Young v. Capedevielle, 135 La. 669, 65 South. 890, on rehearing. Article 222 of the Constitution of 1913 provides the methods for removal of a justice of the peace who has been guilty of a misdemeanor, etc., and he can be removed in no other way.

"Article 222 of the Constitution of 1898 also provides the method for removal. Article 201 of the Constitution of 1879 provides the same method. Article 106 of the Constitution of 1868 provides that all civil officers shall be removable by an address of two-thirds of the members elect to each house of the General Assembly, except those whose removal is otherwise provided for by this Constitution. The other officers are those named in article 96.

"The Constitution of 1913 was in effect when the indictment was found. The Constitution of 1898 was in effect when the act of 1904 was passed. The Constitution of 1879 was in effect when the act of 1894 and the act of 1896 were passed. The Constitution of 1868 was in effect when section 117 of the Revised Statutes of 1870 was passed. So, whether the Constitution which was in effect at the time of the indictment or trial is to govern or the Constitution which was in effect at the time each act was passed is to govern, they all contain provisions for the removal of a justice of the peace, and all the acts and the articles of the Revised Statutes violate the Constitution in effect now and the one in effect at the time the acts were passed.

"In our opinion, all these acts are unconstitutional, for the foregoing reasons. Being of this opinion makes it unnecessary to pass upon the other points raised in the motion.

"The motion to quash is therefore sustained.
                              "T. F. Bell, District Judge."

Judgment affirmed.