PROVOSTY, J.
The town of Vivian was incorporated under the general statute for the incorporation of towns and villages (Act 136, p. 224, of 1898). Towns and villages so incorporated have no authority to enforce *783 their ordinances by fine or imprisonment, except as follows:
“By fine not to exceed $100 or imprisonment not exceeding 30 days or both.”
The town of Vivian adopted the following ordinance:
“Be it further ordained, etc., that whoever shall be found guilty of keeping a ‘blind tiger’ in violation of this ordinance shall be fined in any sum not less than eighty dollars nor more than one hundred dollars, or to be imprisoned for a period of not less than twenty days nor more than thirty days, or both such fine and imprisonment, at the discretion of the court. And if, in any case, a fine shall be assessed as a part of or the whole penalty in any such conviction, and the defendant shall be unable or shall refuse to pay the same, he shall be required to work out the same on the streets of the said town at the rate of one dollar for each day’s work until the whole amount of such fine shall have been thus satisfied.”
The accused has appealed from a conviction under this ordinance, and urges its nullity on the ground that that part of it ■ requiring a person fined under it to work out the fine on the streets of the town in case he fails to pay it is beyond the authority of the town.
[1, 2] This part is unquestionably beyond the authority of the town and null; but this does not entail the nullity of the ordinance.
The learned counsel of accused say it does because this working upon the streets is an additional penalty, cumulative with the fine and imprisonment. And they cite the cases of Town of Hammond v. Baddeau, 134 La. 871, 64 South. 803, and State v. Dunson, 138 La. 131, 70 South. 61.
By the two penalties being cumulative we understand that the judge in pronouncing sentence must impose both or none. Now this working upon the streets is not imposed by the judge; it is merely a consequence which the ordinance provides shall follow the nonpayment of the fine. If this consequence cannot follow, the sentence as imposed by the judge remains none the less. The case is strictly analogous with St. Landry v. Stout, 32 La. Ann. 1278, where the ordinance had, without authority, provided that, in case the fine was not paid, the accused should be prosecuted and imprisoned, and where this invalid part was held to be independent of the valid part. It is also more or less analogous with all those cases where the validity of that part of the statute conferring upon the prison authorities the power to alter the sentence of a prisoner was questioned. In those cases no one ever thought of contending that, because of these consequences attached to the sentence, the sentence itself was iñválidated. Fite v. State, 114 Tenn. 646, 88 S. W. 941, 1 L. R. A. (N. S.) 520, 4 Ann. Cas. 1108. And it is strictly analogous with People v. Ill. State Reformatory, 148 Ill. 413, 36 N. E. 76, 23 L. R. A. 139, where it was held that a statute, authorizing the sending of infants to a reformatory, was not invalidated by an invalid provision allowing the reformatory authorities at their discretion to transfer them to the penitentiary.
The test of independency between the valid and invalid parts of a statute is said in Moore v. N. O., 32 La. Ann. 726, to consist in, first, whether “when the unconstitutional portion is stricken out, that which remains is complete in itself and capable of being executed in accordance with the legislative intent, wholly independent of that which was rejected;” and, secondly, “whether all the provisions are so dependent on each other, and otherwise so connected * * * in meaning that it cannot be presumed the Legislature would have passed the one without the other.”
The objectionable part in this case is contained in the second sentence of the ordinance. Strike this sentence out, and there remains- a complete ordinance. The two parts are in no way interdependent, the objectionable part being, at best, merely an additional penalty. And the town council would most certainly have passed the first *785 part without the second part if it had been aware of the nullity of the second part, for to say otherwise would be to say that 'the city fathers would not have been willing to pass a blind tiger ordinance without adding an illegal part to it. For an elaborate note on the subject of “Effect of Partial Invalidity of Statute,” covering completely the subject, see Ann. Cas. 1916D, beginning at page 9. The part relating specially to penalties, is at page 31, the part relating to crimes in general is at page 45, and the part relating to “Crimes against Public Health, Morals, or Safety” is at page 46.
The judgment appealed from is set aside in so far as it condemns the accused in the event of his not paying the fine to work out the same on the streets of the town, and is otherwise affirmed.
MONROE, C. J., dissents.