The judgment appealed from is therefore affirmed.

O'NIELL, C. J., absent, takes no part.

(123 So. 111)

No. 29859.

## STATE v. GRAVOLET.

May 20, 1929.

Oliver S. Livaudais, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and L. H. Perez, Dist. Atty., and E. R. Schowalter, both of New Orleans, for the State.

ROGERS, J. The defendant, Anson Gravolet, was charged in an information filed by the district attorney of the Parish of Plaquemines with having purchased the vote of one Robert Williams at a certain primary election held to select the Democratic nominee for parish representative in the state Legislature, in violation of section 33 of Act 97 of 1922. Defendant demurred to the information, and also filed a motion to quash, both of which pleas were overruled by the court below. The trial on the merits resulted in a judgment of conviction on which defendant was duly sentenced, and, his motion for a new trial having been denied, he has appealed therefrom.

There are three bills of exception in the record, only one of which we deem it necessary to pass upon. This bill was reserved to the action of the trial judge in overruling defendant's motion to quash. The gravamen of defendant's complaint under his motion is that section 33 of Act 97 of 1922 is unconstitutional, in that it is violative of sections 23 and 6 of article 8 of the Constitution of 1921. We think the plea is good, and that the trial court erred in failing to sustain it.

Act 97 of 1922 is the primary Election Law, and section 33 of the act is the general penalty clause. The section provides, among other things, that "any person who buys any vote * * * shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than Fifty Dollars nor more than Five Hundred Dollars and imprisonment [sic] for not less than two months nor more than one year in the parish jail and shall further be ineligible for four years thereafter to hold any office of trust or profit in this State."

It is plain from the mere reading of the foregoing statutory provision that ineligibility to hold office for four years, necessarily carrying with it removal from office, is an essential part of the punishment that must be imposed upon violators of the law. But section 23 of article 8 of the Constitution of 1921, which is self-operative, provides the method of excluding from the right of suffrage and from the right to hold public office any person who has committed the offense with which the defendant is sought to be charged. The constitutional provision, so far as pertinent, is as follows, viz.: "No person, who shall * * * promise to pay * * * to another * * * any money, * * * as a compensation or reward for the giving * * * of a vote at any * * * * primary election, * * * shall be permitted to vote at such election; and each and every such person shall be forever excluded from the right of suffrage and from holding any office of trust or profit under the laws of this State." The second paragraph of the section prescribes the duties of grand juries and district attorneys with respect to all violations of its provisions.

■ Where the Constitution provides a method of debarring or removing an officer from .his office, such method is exclusive. And, while the general rule is that, if an unconstitutional part of a statute can be separated from the part of the statute that is constitutional, the latter stands and the former falls, the rule is inapplicable in the case

of a criminal statute providing for a cumulative punishment. Under such a statute, the court is powerless to impose merely a part, but must impose the whole punishment therein provided. This being the case, if a part of the punishment is invalid and cannot be imposed, the invalidity carries with it the entire statute. State v. Dunson, 138 La. 131, 70 So. 61.

 The punishment provided by section 33 of Act 97 of 1922 is clearly cumulative, being composed of three inseparable parts, viz., a fine, an imprisonment, and an exclusion from public office for a period of four years. The case at hand, therefore, falls within the doctrine of the decision in State v. Dunson, referred to supra; and, under its authority, we must hold that the statute so far as it purports to denounce and punish the offense with which the defendant is charged, is unconstitutional.

For the reasons assigned, the conviction and sentence appealed from are annulled, and it is ordered that defendant's motion to quash be sustained, and that defendant be discharged.

ST. PAUL, J., dissents.
O'NIELL, C. J., absent, takes no part.