PONDER, Justice.
 

 This is an appeal from a judgment permanently enjoining the Attorney General from superseding the District Attorney of the 21st. Judicial District in three cases
 
 *115
 
 against the Supervisor of Public Accounts and others, pending in the Parish of Tangipahoa, charging them with conspiracy to destroy public records; with destroying public records, and with- slandering the Sheriff of Tangipahoa Parish; and enjoining the Attorney General from superseding the District Attorney as legal advisor to the grand jury of that Parish in the investigation of complaints regarding public institutions and particularly audits of and regarding the offices of Sheriff, Clerk of Court, Police Jury, School Board, Assessor, Southeastern Louisiana College,' Southeast Louisiana Experiment Station, Florida Parishes Hospital, Office of Louisiana Milk Commission, Camp Moore Cemetery, Louisiana Conservation Station and the Louisiana Highway Commission insofar as they pertain to Tangipahoa Parish.
 

 It appears that' on July 18, 1941, the Sheriff of Tangipahoa Parish obtained a temporary restraining order prohibiting the Supervisor of Public Funds and auditors from his office from making any further audits of the Sheriff’s Office. It was claimed that auditors from the office of the Supervisor of Public Funds had withdrawn certain records from the Sheriff’s Office which had disappeared or had been destroyed. Thereafter, upon trial of a rule, a preliminary injunction was issued. On
 
 July 19, 1941,
 
 the Sheriff preferred criminal charges against the Supervisor of Public Funds and his auditors, accusing them of destroying public records and of conspiring to destroy public records, and against the Supervisor of Public Funds, individually, charging him with slander growing out of a statement published in the newspapers wherein it is claimed the Sheriff was accused of embezzlement. On. September 15, 1941, the Attorney General notified the District Attorney that he was. superseding him. -in the charges pending against the Supervisor of Public Funds and others. On September
 
 17,
 
 1941, the Attorney General filed twelve informations, against the Sheriff in the Parish of Tangipahoa, charging him with embezzlement of public funds, and instituted a civil suit to recover a certain amount alleged to have been misappropriated. A grand jury was empanelled in Tangipahoa Parish on September 22, 1941. On September 23, 1941,, the grand jury issued subpoenas duces, tecum to the Supervisor of Public Funds and the Attorney General ordering them to appear and produce all audits in their possession covering the public offices, boards and institutions of the Parish. Thereafter, the Attorney General notified the District Attorney that he was superseding him as legal advisor to the grand jury-in all of the matters under investigation relative to the offices, boards and institutions and designating one of his assistants as legal advisor to the grahd jury in. such investigation. On September 24, 1941, the Attorney General appeared before the-grand jury with copies of the audits that had been furnished his office and notified; the grand jury that he had superseded the-District Attorney in the investigation of the public offices, boards and institutions of the Parish. On the same day, he notified the court, which was in session, of the supersession. Immediately thereafter, the grand jury filed in open court a written document stating that it was their unani
 
 *117
 
 -mous recommendation and suggestion that the Attorney General was arbitrarily abusing the powers vested in him in superseding the District Attorney. It was stated therein that the Attorney General having previously superseded the District Attorney in the charges against the Supervisor of Public Accounts and others informed the grand jury that he was further superseding the District Attorney in the investigation of the offices, boards and institutions of the parish; that the grand jury, after discussion, found that no reason was given for the supersession, no charges of incompetence, failure, refusal or neglect of duty on the part of the District Attorney had been made; that it appeared to them that no interest of the State could be served by the supersession; and that there was no justification for the supersession. The grand jury stated in this instrument that they refused to be advised by the Attorney General in the matters under investigation and suggested to the court that the District Attorney be recognized as their legal ad-visor.
 

 On September 29, 1941, the Attorney General filed a motion in court seeking to have the grand jury accept him as its legal advisor in the investigations. On the same day, the District Attorney obtained a temporary restraining order prohibiting the Attorney General from interfering with him in the cases against the Supervisor of Public Funds and others and the other matters under investigation by the grand jury. The court denied the Attorney General’s motion. A rule for an injunction was obtained, in connection with a temporary restraining order, returnable on October 7, 1941, which was continued on October 7 and refixed for October 14. The Attorney General filed exceptions to the jurisdiction ratione materiae of the court and of no right and no cause of action. An answer was filed to the rule reserving the rights under the exceptions. The district' judge recused himself on the ground that he was a brother-in-law of the District Attorney and appointed Allen B. Pierson, Esq., an attorney, as Judge ad' hoc to try the case. The trial of the rule was completed on November 10, 1941. On that date, the entire matter was submitted on its merits with briefs to be filed within ten days after the filing of the transcript. On January 30, 1942, the lower court gave judgment permanently enjoining the Attorney General from superseding, the Distric Attorney in the matters involved. The lower court refused to grant a suspensive appeal from the judgment. On application to this Court, a suspensive appeal was granted. The matter is now submitted for our determination.
 

 The written reasons handed down by the trial judge show that the judgment of the lower court was predicated on the ground that the Attorney General had arbitrarily abused the discretion vested in him when he attempted to supersede the District Attorney.
 

 The Attorney General contends that the judgment of the lower court is erroneous for the reason that he, the Attorney General, has the power, when he deems it necessary for the protection of the rights and interests of the State, to supersede the
 
 *119
 
 District Attorney under the provisions of' Section 56 of Article VII of the Constitution of 1921 and Act No. 24 of the 1st E. S. of 1934, amending Code Cr.Proc. arts. 17, 156, and that the exercise of his discretion, in respect thereto, cannot he questioned or inquired into by the courts.
 

 The District Attorney takes the position that Act No. 24 of the 1st E. S. of 1934 is violative of various articles of the State and Federal Constitutions. He contends in the alternative that if the Act is held constitutional, then in that event the Attorney General is without authority to arbitrarily supersede him without cause when the interests of the State do not require it.
 

 There is no evidence in the record going to show .that the District Attorney has failed, refused or neglected to perform any duty with respect to the pending charges or the matters under investigation before the grand jury. In fact, it is conceded in the Attorney General’s brief as well as in the argument advanced in his behalf that no contention is made herein ■that the District Attorney has in any way refused, failed or neglected to perform his duties.
 

 Under the provisions of Section . 56 of Article VII of the Constitution of 1921, the Attorney General and his assistants have the power “to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State”, and they have supervision over the several District Attorneys throughout the State.
 

 Undoubtedly, under this provision of the Constitution, the Attorney General is-vested with discretionary power to intervene for the assertion or protection of the rights and interests of the State. However, there is nothing to indicate that the framers of the Constitution intended to. prohibit the courts from inquiring into an arbitrary abuse of this discretion.
 

 It is not disputed that the District Attorney, in addition to being legal advisor of the grand jury, has entire charge and control over criminal prosecutions subject to the supervision of the Attorney General and the right of the Attorney General to intervene in proceedings when the interests of the State require it. There is nothing in this record to show that the Attorney General ever exercised his supervision over the District Attorney or that the District Attorney has ever failed in any way or refused to comply with any instructions, given him by the Attorney General.
 

 We are not presented in this case with any question of the District Attorney’s refusing to recognize the supervision of the Attorney General over him. In fact,, the record shows that the Attorney General is attempting to supersede the District Attorney and take over the prosecution of the charges and supplant the District Attorney as advisor to the grand jury.
 

 The provision in Act No. 24 of the 1st E. S. of 1934 to the effect that the courts-cannot inquire into the exercise of the-discretion vested in the Attorney General in superseding the District. Attorney is,
 
 *121
 
 clearly violative of Section 56 of Article VII of the Constitution. It goes beyond the powers granted to the Attorney General by the Constitution. Any legislation within the limits of this constitutional provision would be valid, but legislation beyond the limitations fixed in this constitutional provision must necessarily be stricken down.
 

 Since we have arrived at the conclusion that Act No. 24 of the 1st E. S. of 1934 is - unconstitutional insofar as it attempts to prohibit the courts from inquiring into the exercise of the discretion vested in the Attorney General, it leads us to the question of whether or not the Attorney General has arbitrarily abused the discretion vested in him in attempting to supersede the District Attorney.
 

 There is no evidence in the record going to show that the District Attorney has failed or neglected or will fail or neglect to perform the duties imposed upon him by law or that the District Attorney has in any manner failed or will fail to assert and protect the rights and interests of the State. Under such circumstances there would be no necessity for the Attorney General to intervene.
 

 We have therefore reached the conclusion that the attempted supersession of the District Attorney is arbitrary and an abuse o'f the discretionary power vested in the Attorney General. Having arrived at this conclusion, there is no necessity for us to consider the other contentions urged by the District Attorney.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.
 

 HIGGINS, J., concurs for the reasons set forth in the concurring opinion of HAMITER, J.
 

 HAMITER, J., concurs and hands down reasons.
 

 ODOM, J., takes no part.
 

 O’NIELL, C. J., dissents.