[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 797 
Appellant was convicted of violating Section 89 of Act 46 of 1940 for giving false answers to an election commissioner in order to cast a fraudulent vote in the Democratic Primary election held in the City of New Orleans on January 22, 1946. He was sentenced to pay a fine of $301, to serve a term of eight months in the parish prison and to serve an additional two months in default of payment of the fine and further declared to be "ineligible for four years thereafter to be employed by the State or any of its political subdivisions, or any board, department or commission thereof, either as officer or employee."
During the course of the proceedings below, appellant reserved three bills of exception upon which he now depends for a reversal of his conviction and sentence. Two of these bills are founded upon the alleged unconstitutionality of the penal *Page 799 
provisions of Section 89 of Act 46 of 1940 and were reserved to the overruling of a motion to quash the information and to the overruling of a plea to the jurisdiction. Being based upon the same ground, the bills may be treated as one and considered together.
The pertinent provisions of Section 89 of Act 46 of 1940 are as follows:
"Any person, Clerk of Court or any State, parish or municipal officer refusing or neglecting to discharge any duty imposed upon him, by any provision of this Act, and any person making any false answer under oath or otherwise, to any person who has authority to require an answer, and any person who shall vote more than once at any single primary election, * * * shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than Fifty Dollars nor more than Five Hundred Dollars and imprisoned for not less than six months nor more than two years in the parish jail and shall further beineligible for four years thereafter to be employed by the Stateor any of its political subdivisions or any board, department orcommission thereof either as officer or employee thereof."
(Italics ours). *Page 800 
Appellant attacks the validity of the italicized portion of the above quoted section. His counsel proclaims that the legislature is without power to provide that State or district officers convicted of violating the primary election law shall be ineligible to hold office forasmuch as such officers are subject to impeachment and removal only for the causes and by the methods prescribed in the Constitution.[1] From this premise, it is argued that the entire section of the Act must be declared unconstitutional for the reason that the cumulative penalties contained therein are inseparable — thus precluding the saving of a part by elimination of the objectionable features. The decision in State v. Gravolet, 168 La. 648, 123 So. 111, 112, is relied on as complete authority for the proposition.
In the Gravolet case, the defendant was convicted under Section 33 of Act 97 of 1922 (the former primary election law) for buying the vote of another. He challenged the constitutionality of Section 33, which provided a cumulative sentence of fine, imprisonment and ineligibility to hold office for four years after conviction,[2] on the identical ground advanced by appellant *Page 801 
herein. The court sustained the attack, holding that the Legislature was powerless to provide the penalty of ineligibility to hold office as the Constitution prescribed the exclusive causes for impeachment and method for the removal of state and district officers. And it was further declared that, since the punishment for violation of the section was clearly cumulative "being composed of three inseparable parts, viz., a fine, an imprisonment, and an exclusion from public office for a period of four years," the whole section "so far as it purports to denounce and punish the offense with which the defendant is charged, is unconstitutional."
Section 89 of Act 46 of 1940 is practically a counterpart[3]
of its predecessor, Section 33 of Act 97 of 1922. Hence, it follows that the ineligibility clause in Section 89 is unconstitutional on authority of the decision in State v. Gravolet, supra. And this, notwithstanding the plea of the district attorney that the Gravolet case can be differentiated and that appellant is not entitled to urge unconstitutionality since *Page 802 
he is neither an officer nor employee of the State or any of its political subdivisions.
On the other hand, when we come to consider whether Section 89 should meet the same fate as Section 33 and be declared wholly unconstitutional, we find that the Gravolet case does not control the result to be reached here for the reason that Act 97
of 1922 did not contain a separability clause, whereas, Section 104 of Act 46 of 1940 declares:
"If any clause, sentence, paragraph, or part of this Act shall, for any reason, be adjudged by any Court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder of this Act, but shall be confined in its operation to the clause, sentence, paragraph or any part thereof, directly involved in the controversy in which such judgment has been rendered."
Due to the absence in Act 97 of 1922 of a clause similar to that quoted, the court correctly resolved in the Gravolet case that it was impossible to delete any *Page 803 
part of the cumulative penalty provided in Section 33 of the statute without destroying the legislative intent. Accordingly, on authority of State v. Dunson, 138 La. 131, 70 So. 61, and the general rule that, in the absence of a saving clause, courts will not attempt to separate unconstitutional provisions of a statute from those considered valid (Carter v. Carter Coal Co.,298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160), the court annulled the entire section.
But, as we have stated, this rule is inapplicable in the instant matter as we are bound to give effect to the separability clause contained in Act 46 of 1940. The clause is an admonition to the courts by the legislature that it does not wish to have the whole or any section of the statute rendered invalid merely because a provision, clause or sentence contained therein is deemed to be unconstitutional. Of course, the insertion by the Legislature of a separability clause does not always protect the statute from utter unconstitutionality — that is, in cases where the valid provisions are so interwoven with and dependent upon the *Page 804 
objectionable matter that application of the separability clause would defeat, rather than partially fulfill, the purpose of the enactment. However, the presence of a separability clause in a statute creates a presumption that the legislature intends that all unobjectionable matter shall be retained and remain in operation.[4]
In the case at bar, we cannot discern any good reason why two of the penalties, i. e., fine and imprisonment, cannot be retained without the other penalty. On the contrary, by striking down the objectionable provision relative to ineligibility to hold office and enforcing the other valid provisions, we adopt a course in strict accord with the intention exhibited by the legislature in its enactment of the separability clause. This legislative intention is made more apparent in the instant case when consideration is given to the amendment and reenactment of Section 89 of Act 46 of 1940 by Act221 of 1946. This statute is a reenactment of Section 89 in the identical language contained in Act *Page 805 
46 of 1940, with the exception of the ineligibility clause which has been eliminated. Obviously, then, since the legislature has declared its approval of the deletion of the ineligibility clause, it could not be plausibly argued that it would not have enacted Section 89 if it had known that this clause was invalid.
Therefore, we hold that the concluding clause of Section 89 of Act 46 of 1940, reading "and shall further be ineligible for four years thereafter to be employed by the State or any of its political subdivisions or any board, department or commission thereof either as officer or employee thereof," to be invalid, being violative of the provisions of Article 9 of the Constitution of 1921 and that the part of appellant's sentence, declaring him to be ineligible for public office or employment is void.
The only other bill of exception was taken to the overruling of appellant's motion for a new trial which was based specifically on the ground that no legal evidence was introduced to show that a primary election was held on the date of the alleged offense. Counsel for appellant argues that, since the only evidence introduced by the State to prove that a primary election was held on January 22d 1946 is a resolution of the Orleans Parish Democratic Executive Committee calling a democratic primary to select democratic nominees for municipal and parish offices *Page 806 
and the testimony of various individuals that such an election was held (all of which evidence was admitted over timely objection), the State has failed to offer the best evidence; that the best evidence would have been the certificate of the Secretary of State that the election was held and that, in view of the failure of the State to offer such best evidence, it cannot be said that the corpus delicti has been proved.
We fail to see any merit whatever in this contention. The testimony of the Commissioners of election and others, who stated that they were present at the polling booth where voting was conducted, is direct evidence of the fact that there was an election and not violative of the best evidence rule. Moreover, even if it was, the error in not requiring the introduction of the alleged best evidence (the kind which counsel contends for) was inconsequential and would not authorize a reversal of the conviction. Article 557 of the Code of Criminal Procedure.
In view of our conclusion that the portion of the sentence respecting ineligibility for employment in a public office for a period of four years is null, the case will be remanded for the purpose of resentencing appellant.
For the reasons hereinabove given, the conviction is affirmed and the case is remanded to the Criminal District Court *Page 807 
for the Parish of Orleans for the Judge of Section "C" to impose a sentence in accordance with the views herein expressed.
O'NIELL, C. J., absent.
[1] Article 9, Sections 1 through 9, of the Constitution provide the grounds for impeachment and procedure for removal of all state and district officers. The constitutional method is exclusive. See State v. Thompson, 28 La.Ann. 187; State v. Bain,137 La. 308, 68 So. 621; State v. Dunson, 138 La. 131,70 So. 61; State v. Maestri, 199 La. 49, 5 So.2d 499; Kemp v. Stanley, 204 La. 110, 15 So.2d 1; In re Meraux, 202 La. 736,12 So.2d 798.
[2] Section 33 of Act 97 of 1922 provides:
"Any person refusing or neglecting to discharge any duty imposed upon him, by any provision of this act, and any person making any false answer under oath or otherwise, to any person who has authority to require an answer, and any person who shall vote more than once at any single primary election, * * * and any person who buys any vote, * * * shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than Fifty Dollars nor more than Five Hundred Dollars and imprisonment for not less than two months nor more than one year in the parish jail and shall further be ineligible for four years thereafter to hold any office of trust or profit in this State."
[3] The only difference is that, in Section 89 of Act 46 of 1940, the penalty is of broader scope in that it provides ineligibility for employment by the State, etc. in any capacity whereas Section 33 of Act 97 of 1922 limits ineligibility to holding office.
[4] The effect to be given a separability clause has been ably expressed by Mr. Justice Sutherland in Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 873, 80 L.Ed. 1160, thus:
"In the absence of such a provision, the presumption is that the Legislature intends an act to be effective as an entirety — that is to say, the rule is against the mutilation of a statute; and if any provision be unconstitutional, the presumption is that the remaining provisions fall with it. The effect of the statute is to reverse this presumption in favor of inseparability, and create the opposite one of separability. Under the non-statutory rule, the burden is upon the supporter of the legislation to show the separability of the provisions involved. Under the statutory rule, the burden is shifted to the assailant to show their inseparability. But under either rule, the determination, in the end, is reached by applying the same test — namely, what was the intent of the lawmakers?"