Packel, Petitioner, *v.* Mirarchi.

Argued April 29, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Israel Packel,* Attorney General, for petitioner.

*Stuart Glovin,* for respondent.

OPINION BY MR. JUSTICE EAGEN, October 16, 1974:

The Attorney General of the Commonwealth of Pennsylvania has filed a petition in this Court "For Supersedeas and Writ of Prohibition" naming as respondent, the Honorable Charles P. Mirarchi, Jr., a Judge of the Court of Common Pleas of Philadelphia.[1] The facts giving rise to the filing of this petition may be summarized thusly.

Beginning in July 1972, the Pennsylvania Crime Commission [Commission], an administrative commission within the Department of Justice of the Commonwealth, began an extensive investigation into police corruption and the quality of law enforcement in the City of Philadelphia. Following the completion of its investigation, the Commission filed a report on March 11, 1974, stating, inter alia, it has found "that police corruption in Philadelphia is ongoing, widespread, systematic and occurring at all levels of the police department." The Commission's report also suggested that "a local district attorney cannot properly investigate the very police on whom he must rely for the day-to-day conduct of his job," and for this reason the Attorney General should "appoint a Special Deputy Attorney General as an independent prosecutor with jurisdiction over police corruption investigations and prosecutions in Philadelphia."

On March 18, 1974, the Honorable F. Emmett Fitzpatrick, Jr., the District Attorney of Philadelphia, filed a petition with Judge Mirarchi, the respondent, requesting that the Grand Jury for the March Session of the Court of Common Pleas, Criminal Division of Philadelphia, be specifically charged "to investigate alleged criminal conduct on the part of individuals within the Philadelphia Police Department and to make present-

---

[1] This Court is given jurisdiction of the petition under the Appellate Court Jurisdiction Act of 1970, Act of July 31, P. L. 673, No. 223, art. II, § 201, 17 P.S. § 211.201(2) (Supp. 1974).

ments to the Court as the ends of justice may require."
A hearing on this petition was held before Judge Mirarchi on March 27th, at which time the Attorney General objected to empanelling the March Session Grand Jury for the purpose of investigating the matter requested by the District Attorney. At the same time, the Attorney General notified Judge Mirarchi in writing that he was superseding Mr. Fitzpatrick, the District Attorney, in this matter and was appointing a Deputy Attorney General in lieu of the District Attorney to investigate and prosecute police corruption cases in Philadelphia. At the same time, the Attorney General also notified Judge Mirarchi that he was then withdrawing the District Attorney's petition requesting that the March Session Grand Jury be empaneled and directed to investigate police corruption in Philadelphia. Judge Mirarchi refused to give effect to the Attorney General's notice of supersession of the District Attorney and of the Attorney General's withdrawal of the District Attorney's petition to empanel the Grand Jury for the purpose requested. Judge Mirarchi then proceeded to empanel and charge the Grand Jury in accordance with the District Attorney's petition. The Attorney General then filed the instant petition requesting a supersedeas and the issuance of a writ prohibiting the March Session Grand Jury from proceeding with an investigation into corruption in the Police Department of Philadelphia and prohibiting Judge Mirarchi from continuing to exercise jurisdiction in such an investigation. Judge Mirarchi and Mr. Fitzpatrick, the District Attorney, filed answers to the petition objecting to the issuance of the writ.[2] We heard oral argument on April 29, 1974.

In opposing the petition before us, both Judge Mirarchi and Mr. Fitzpatrick contend the action of the Attor-

---

[2] The Pennsylvania District Attorneys' Association filed an "Amicus Brief" in opposition to the issuance of the writ.

ney General in superseding the District Attorney was, under the circumstances, an abuse of power and should not be given support by this Court.

Whether an attorney general may in the absence of statutory authority supersede a district attorney who is willing to act has long been a controversial issue in many jurisdictions. See 7 C.J.S. Attorney General § 5 (1937).[3] However, over strong dissent, this Court has ruled that the Attorney General of Pennsylvania has the power to supersede a district attorney if his action is not arbitrary, and if his decision to so act is " *'reasonably based upon the attendant pertinent circumstances from which its exercise arises.'* " *Margiotti Appeal*, 365 Pa. 330, 333, 75 A.2d 465, 466 (1950) (quoting from *Dauphin County Grand Jury Investigation Proceedings (No. 3)*, 332 Pa. 358, 364, 365, 2 A.2d 809, 812 (1938)). [Emphasis in original.] See also *Commonwealth ex rel. Minerd v. Margiotti*, 325 Pa. 17, 188 A. 524 (1936). This ruling was based not on the assumption such power was given statutorily, but rather on the premise that such power "enveloped" attorney generals at common law and the Attorney General of Pennsylvania was "clothed" with the same power. This reasoning has been severely criticized. See Some Current Problems in Pennsylvania Law—Attorney General versus District Attorney, 99

---

[3] The Act of April 9, 1929, P. L. 177, art. IX, § 907, 71 P.S. § 297, provides the Attorney General of Pennsylvania "shall supersede the district attorney" in a case when he is requested to do so by the president judge of the court of common pleas having jurisdiction. (The President Judge of the Court of Common Pleas of Philadelphia has not requested such supersession in the proposed March Session Grand Jury Investigation.) Additionally, under art. IX, § 904 of the Act of 1929, supra, 71 P.S. § 294, the Attorney General of Pennsylvania is given the power:

"(a) To investigate any violations, or alleged violations, of the laws of the Commonwealth which may come to his notice;

"(b) To take such steps, and adopt such means, as may be reasonably necessary to enforce the laws of the Commonwealth."

U. Pa. L. Rev. 814, 826 (1951), and Note, The Common Law Power of State Attorneys General to Supersede Local Prosecutors, 60 Yale L. J. 559 (1951). Furthermore, Pennsylvania seems to be the only jurisdiction which has approved the supersession of a district attorney on the basis of common law powers. Cf. C.J.S. Attorney General § 5, supra; *People v. Hopkins,* 47 N.Y.S. 2d 222 (1944); *Kemp v. Stanley,* 204 La. 110, 15 So.2d 1 (1943); *In Re Watson,* 293 Mich. 263, 291 N.W. 652 (1940); *People v. Flynn,* 375 Ill. 366, 31 N.E. 2d 591 (1940). However, whether the Attorney General acted legally and properly in superseding the District Attorney in the special investigation proposed to be carried on by the March Session Grand Jury need not be decided for these reasons.

Under Section 10(a) of Article V of the Pennsylvania Constitution, this Court is given broad supervisory powers over the operation of all the courts in this Commonwealth.[4] We conclude the situation here presented dictates an exercise of that power.

As related before, Judge Mirarchi has directed the Grand Jury empaneled for the 1974 March Session of the court to investigate alleged police corruption in Philadelphia. However, the Grand Jury previously empaneled for the 1974 January Session has already been directed by another judge of the same court to specially investigate the same alleged corruption.[5] Also, the Attorney General of Pennsylvania with the blessing of the District Attorney of Philadelphia and at the request of the President Judge of the Court of Common Pleas of

---

[4] This section of the Pennsylvania Constitution states: "The Supreme Court shall exercise general supervisory and administrative authority over all the courts . . . ."

[5] The validity of the convening of the January Session Grand Jury for this purpose has been upheld by a majority of this Court. See, *In Re: January 1974 Philadelphia County Grand Jury Investigation,* for Writs of Prohibition. 458 Pa. 586, 328 A.2d 485 (1974).

Philadelphia[6] has superseded the District Attorney in the investigation to be carried out by the January Grand Jury into alleged police corruption and alleged corruption in other agencies. To permit two grand juries to simultaneously specially investigate the same alleged criminal activity could cause witnesses unnecessary hardship and confusion. Moreover, it would be a waste of taxpayers' money, as well as a waste of manpower in a court already burdened with a serious backlog. Under the circumstances, we will issue the writ prayed for and prohibit the Grand Jury for the March Session from proceeding with the special investigation directed by the respondent.

The writ prayed for is directed to issue.

Mr. Justice NIX dissents.

Mr. Justice MANDERINO dissents.

[6] The request of the President Judge was made to the Attorney General pursuant to the provisions of the Act of April 1, 1929, P. L. 177, art IX, § 907, 71 P.S. 297.