MUNICIPALITY No. 1, Praying for the Opening of Bienville Street, *v.* LAURENT MILLAUDON.

The confirmation of the tableau of assessment against property owners for their share of the benefit conferred by opening and improving streets, will not authorize the ordinary writ of *fi. fa.* to be issued against the party assessed.

The statute regulating that subject specially prescribes the mode of procedure, and being in derogation of the ordinary rules of practice should, therefore, be strictly pursued.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.

Parker & Davis, for plaintiff and appellant. Benjamin, Bradford & Finney, for defendant.

SPOFFORD, J. Proceedings were taken under the Act of March 30, 1832, p. 131, to open and improve Bienville street, in the city of New Orleans. In pursuance of the provisions of that statute, the report of the commissioners, assessing various sums against the appellee, *Millaudon,* for his share of the benefit conferred by the improvement, was duly "confirmed."

The appellants then took a rule on *Millaudon* to show cause why execution should not issue against him for the sums thus assessed; and they have taken this appeal from a judgment dismissing the rule.

The question whether execution will issue upon a confirmed report of commissioners in regard to the opening and improvement of streets, as upon money judgments, is to be solved by the terms of the Act of 1832. That Act provided an entirely new and artificial method of procedure, in derogation of the ordinary rules of practice. The Act, therefore, should be strictly pursued. We find no warrant in any of its sections or provisions for the position assumed by the appellants, that the confirmation of the tableau of assessment by the court, will authorize the ordinary writ of *fi. fa.* to be issued against a party whose proportional contribution is assessed by the report. On the contrary, a different mode of procedure upon the confirmation of the report, is specially prescribed and must be followed. Section seventh excludes the inference that execution was to issue upon the confirmed report as upon a judgment; it declares that the sums so assessed, "shall be borne, reimbursed and paid, together with six per cent. interest thereon from 30 days after the confirmation of said reports, * * *" by the parties benefited; " and the sums so assessed shall be a lien on the lands" as a mortgage, when recorded; "and the owners of said property shall also be liable in a personal action for the same"; " and the personal action and the action to enforce the privilege may be cumulated; and, in default of payment of the same," or if the owners of the lots assessed be not found, "the corporation may, by resolution, direct orders of seizure and sale to be sued out of the court by which said assessment was confirmed, against the property assessed as aforesaid," &c., &c.

So, by the sixth section, the reciprocal remedy of the owner in whose favor an assessment has been made by the report against the city, after an unsuccessful application for payment, is to sue for and recover the same of the city, with six per cent. interest.

97

1st MUNICIPALITY  We are not permitted to depart from the plain terms of such a statute as
*v.*
MILLAUDON.   this, and, under the guise of construction, to give additional remedies in aid of
its supposed objects.

Judgment affirmed.

BUCHANAN, J., took no part in this case.