State ex rel. Lewis vs. Judge.

## No. 10,960.

THE STATE EX REL. ARNOLD LEWIS VS. DAVID PIERSON, JUDGE.

Section 1 of Act No. 138 of 1890 is null and void, being in conflict with Article 29 of the Constitution.

The title of the act refers to labor contracts.

The body of the act refers to any contract.

APPLICATION for *Certiorari* and Prohibition.

*Charles V. Porter* for the Relator.

*Respondent* in *propria persona.*

The opinion of the court was delivered by

McENERY, J. The relator was convicted and sentenced for violating the provisions of Section 1, Act 138 of 1890.

Under the authority of Article 90 of the Constitution, and its interpretation in the case of State ex rel. Walker & Merz vs. Judge, 39 An. 133, he applies for writs of prohibition and *certiorari* to prevent the respondent judge from proceeding further in the case on the ground that said act is unconstitutional, violating Article 29 of the Constitution, which requires that every law shall embrace but one object, which shall be set forth in its title.

The title of the act is, "To enforce labor contracts and to provide a penalty for the wilful violation thereof, and to make it a misdemeanor for persons not parties to said contracts to willfully interfere therein and to provide for punishment thereof."

Section 1 provides "that whoever shall wilfully violate a contract, upon the faith of which money or goods have been advanced, and without first tendering to the person from whom said money or goods was obtained the amount of money or the value of the goods, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not less than $50 nor more than $200, and in default of payment thereof, with cost, shall be imprisoned in the parish jail for not less than ten days nor more than thirty days, at the discretion of the court."

The contention is that the title of the act refers to "labor" con-

tracts, and the above section provides for a *violation of a contract*, omitting the word labor before the word contract.

When the title indicates the object and purpose of the law it is sufficient. It was the intention of the law to punish the violation of labor contracts. Nothing is said in the first section of the act, under which the relator was indicted, about labor contracts. The title of the act is restricted to this particular kind of contract. The body of the act refers to all contracts. Any one, who is not a laborer and who makes a contract upon the faith of which money is advanced or goods delivered, is subject to an indictment for the violation of Section 1.

Suppose, for instance, that a merchant, planter or any one employed in any other occupation than that of laborer on a plantation or elsewhere, should be indicted under this section. The defence, that his contract was not a labor contract and not covered by the title of the act, would be a valid one.

It is evident that there is a wide difference in meaning and the object to be attained as expressed in the title and the law. It clearly violates Article 29 of the Constitution.

It is, therefore, ordered that the rule herein be made absolute, and the writ of prohibition issued be made perpetual.