BREAUX, C. J.
The defendant, W. W. Duson, was charged by an information, presented by the district attorney of the 18th judicial district court, with having knowingly failed and neglected to indicate on the earthen tanks or reservoirs of the defendant corporation, in which salt water is stored from the 1st of March to the 1st of September of each year, by initials posted thereon in accordance with statute No. 183 of 1910, in order to show to whom the tanks or reservoirs belonged.
The defendant, Duson, moved to quash the information, on the ground that he was not guilty of a misdemeanor; that the act under which the information was drawn was not made a misdemeanor; that if it was it was unconstitutional and null, as the object of the act is not expressed in the title; that the title does not cover the object of the act; and that the act is broader than it should be under the title. Furthermore, that the act, above cited, embraces more than one object; that under it the “knowingly and wilfully” emptying or draining into, or permitting to be drained into, from salt water, oil field, the stream used for irrigating purposes is the only misdemeanor charged; that this act, being restricted to the above, does not embrace failure to post the tanks in which salt water is to be stored, and therefore the latter act is not a misdemeanor.
The district court maintained the motion to quash, annulled the indictment, and dismissed the action.
The state appealed from the judgment.
The statement in the bill of information, to wit, “from March 1st to September 1st of each year,” was to indicate that the offense charged was committed during the closed season.
[1] As relates to the punishment under the act, the fine is $100 to $2,000, or imprisonment for not less than 30 days and not over 90 days. The title of the act reads as follows ;
“An act to protect the rice planters and owners of the canals who use water for irrigation purposes against pollution of the streams by salt water, oil and other substances, and also to protect the fish in said streams, and making it a misdemeanor to contaminate said water to be drained into the streams.”
The omission to post the tanks or reservoirs is not mentioned, either directly or indirectly.
Recurring to the title, it should certainly express the purposes of the act and indicate the intention on the part of the lawmaking power to make it a misdemeanor. Under the organic law of this state, importance is given to the title of the act. The object must be therein expressed. It should indicate the act which is a misdemeanor. The words used in the title are restrictive; they cannot be extended broadly, so as to include other acts than those expressed. Fidelity Insurance, Trust & Safe Deposit Co. v. Shenandoah Valley R. R., 86 Va. 1, 9 S. E. 759, 19 Am. St. Rep. 859. See, also, Cooley on Constitutional Limitations, verbo “title.” State v. Ferguson, 104 La. 249, 28 South. 917, 81 Am. St. Rep. 123.
*491 [2] We pass from a consideration of the title to that of the text or body of the act. It provides that:
“It shall be the duty of said operators and owners to plainly indicate by posting to whom each reservoir or tank belongs, subject at all times to the inspection of the legal authorities.”
In addition to the fact that this provision is broader than the title, it does not appear that this act of omission is stated in the statute with a view of including it as within the misdemeanor charged. For the purpose, of illustration, it may be said that it would have been an easy matter to indicate in the title that it was the purpose to make it a misdemeanor, and afterward to have inserted in the act that this omission was a misdemeanor. Neither in the title nor in the act is this indicated. The act is complete before taking up the subject of posting the tanks or reservoirs; and it cannot be that it was the intention to denounce as a crime the failure to post the tanks or reservoirs, although the alleged offender had never been guilty of the crime denounced in the first part of the act; that is, guilty of polluting the water or poisoning the fish. It is obvious that the last part of the act is not connected with the first part. One has the appearance of being independent of the other.
For reasons stated, we are of opinion that the judgment of the district court is correct. ‘That judgment is affirmed.