SOMMERVILLE, J.
Plaintiff, a judgment creditor of defendant for rent of premises owned by him and occupied by her, caused garnishment process to be issued and served on the Grand Lodge Knights of Pythias, state of Louisiana; and seized in its hands certain money accruing to defendant from a benefit certificate in her favor on the death of her late husband, William Thompson, a member of that order. The *883 lodge answered- that said sum was specially exempted from seizure under the law. And defendant ruled plaintiff into court to show why the seizure of said money by him should not be released. Plaintiff answered that the act of the Legislature exempting said money from seizure was unconstitutional, and therefore null and void. There was judgment in favor of plaintiff, and defendant appeals.
The exemption from seizure claimed by defendant is found in section 21 of Act No. 256 of 1912, p. 575, and is as follows:
“Be it further enacted, etc., that no money or other benefit, charity or relief or aid to be paid, provided or rendered by any such society shall be liable to attachment, garnishment or other process, or be seized, taken, appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment.”
[1] The article of the Constitution which plaintiff alleges is violated by the provisions of the above-quoted section 21, is as follows:
“Art. 31. Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.”
[2] The title to Act No. 256 of 1912 is:
“An act to amend and re-enact Act No. 115 of 1906 entitled ‘An act to provide for the organization, admission and regulation of associations transacting the business of life, accident, sick benefit or physical disability insurance on the fraternal plan, and to fix penalties for the violation of this act, and to repeal all laws in conflict with the provisions of this act.’ ”
The foregoing does not mention, or suggest, that the act of which it forms the title contains a provision declaring the funds of the fraternal insurance companies therein referred to and going to members or beneficiaries under the policies or certificates issued by them, to be exempt from seizure. Such exemption is not covered by the title; it is not mentioned or. referred to therein; and the provision is therefore clearly violative of article 31 of the Constitution. Section 21 of the act in question appears to have been added to the original act, 115 of 1906, which the later act proposed to amend and re-enact. The Act No. 115 of 1906 is entitled:
“An act to provide for the organization, admission and regulation of associations transacting the business of life, accident, sick benefit, or physical disability insurance on the fraternal plan, and to fix penalties for the violation of this act, and to repeal all laws in conflict with the provisions of this act.”
The last-quoted title, like the one before quoted, is entirely silent on the subject of exemption of funds from seizure, and that act would have met with the same constitutional objection if it had contained a section similar to No. 21 of the last act. Section 21 of Act No.' 256, of 1912, not being expressed in the title to said act, is unconstitutional, and therefore void.
Judgment affirmed.