O’NIELL, J.
The Court of Appeal propounded the following questions to this court, and asked for instructions, viz.:
First. Does the Act No. 250 of 1912 violate article 31 of the Constitution of this state?
Second. Does the statute violate article 2 of the Bill of Rights of the Constitution of this state?
Third. Does the statute violate amendments 5 and 14 of the Constitution of the United States?
Upon this application, and under the authority conferred by article 101 of the.Constitution, the entire record was ordered sent here for consideration and for a decision of the matter in controversy in the same manner as if it had been brought here on appeal.
[1, 2] Article 31 of the Constitution of this state provides that every law enacted by the General Assembly shall embrace but one object and that shall be expressed in its title. The Act No. 250 of 1912 embraces but one object, that is, to require employers of laborers *334 to pay them their wages immediately when they'are discharged. It seeks to enforce this by imposing upon the employer the penalty of having to pay the discharged employe his full wages up to the time of payment or tender of payment.
The object of this statute, however, is not fairly expressed in its title. According to the title, it is an act providing for the immediate payment of laborers who are discharged by their employers, if payment is demanded by the discharged laborer at the usual place of payment, and providing that a failure to pay, under these conditions, shall render the employer liable for the full wages until payment is made or tendered. The statute goes further than its title indicates, and imposes the unconditional penalty upon the employer of having to pay a discharged laborer the unearned wages up to the time of' the payment or tender of payment. In other words, the condition expressed in the title is reversed in the statute; and, instead of its being the duty of the discharged laborer to demand his wages at the place where he is usually paid, it is made the duty of the employer to make a tender of payment to the discharged laborer wherever he may be.
The provisions of this statute are more comprehensive than its title indicates. Un-' der the most fundamental principle of eonsti'tutional law, the provisions of the act, beyond the limit or restriction contained in its title, are invalid.
[3] It is suggested that, as far as this objection goes, the statute may be enforced in the present case because the plaintiff complied with the condition expressed in the title of the act, by demanding payment of his wages when he was discharged. The answer to this is found in the doctrine that, when a statute contains but one object which is broader than is expressed in its title, we cannot narrow and change the meaning of the. words employed in the act so as to render it valid as to a case which comes within the title.
The objection to this statute goes further than that its provisions'are broader than its title. The title is misleading and is not a fair index to the contents of the act. This is in the nature of a penal statute, as was said of article 2749, R. C. C., allowing a laborer, who is discharged without cauge, to collect his salary for the full term of his employment. Trefethen v. Locke, 16 La. Ann. 20. The title does not put those who are to suffer the penalty upon inquiry into the contents of the act; on the contrary, it contains a condition and restriction which would mislead them.
Therefore, we answer the first question in the affirmative: Act No. 250 of 1912 does violate article 31 of the Constitution of this state.
Manifestly the second and third questions submitted by the Court of Appeal were propounded in the alternative, to be answered only in the event of our finding that the statute in question conforms to the requirements of article 31 of the Constitution of this state. The good policy, wisdom, and expediency of such a statute as the General Assembly of 1912 intended to enact are matters of legislative discretion. It is not the province of this court to express an advisory opinion upon such legislation, after finding that the existing statute in question is invalid.
The plaintiff in this , ease was discharged on the 30th of May, 1912, because he refused to render services for which he was not employed, after- having done a full day’s work of 10 hours. He repeatedly asked for the amount of wages then due him, $15.70, which the defendant refused or neglected to pay. He then employed attorneys who made several demands upon the defendant company by letter, without avail. On the 20th of June, 1913, the secretary and treasurer of the defendant company called at the office of the *336 attorneys of tlie plaintiff and tendered the $15.70 in full settlement of the 'claim, which 'was refused. It is probable that, until the attorneys were employed to collect this small claim, the defendant had no thought of the unconstitutionality of Act 250 of 1912, and that the plaintiff did not know such a statute existed. It was conceded in the argument of the defendant’s counsel that the amount tendered did not include any interest. This, according to the legal rate, would have amounted to only a few cents, and would not ordinarily affect the costs of the suit. Under the circumstances, however, we will exercise our discretion under Act 229 of 1910 in assessing the costs, and will condemn the defendant to pay them. The district court rendered judgment in favor of the plaintiff and against the defendant for the sum of $185.45 and for $1.75 additional for each day from and including the day on which the suit was filed until the judgment should be paid.
For the reasons assigned, the judgment of the district court is amended by reducing the amount to $15.70, which the plaintiff shall recover of and from the defendant, with legal interest from the 30th of May, 1913. The defendant is to pay all of the costs of this suit.