(70 South. 336)

No. 21517.

STATE v. BARKLEY.

(Nov. 29, 1915.)

*(Syllabus by Editorial Staff.)*

STATUTES ⬥114—TITLES — LICENSE TAX — CONSTITUTIONALITY.

Act No. 178 of 1912, entitled "An act to increase the revenues of the state of Louisiana by levying an annual license tax on the sale of malt liquors containing less than 2 per cent. of alcohol, and providing penalties for the nonpayment of such license," imposing a state license upon the sale of such liquors, making it an offense to sell them, without having paid, and also making it a like offense to sell them without having paid the license which the municipality or parish where the sale is made may have imposed for their sale, is violative of Const. art. 31, requiring the subject of an act to be expressed in its title, since the title of the act does not cover the provision as to municipal and parish licenses.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 145, 147–149; Dec. Dig. ⬥114.]

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

Mack Barkley was convicted of violating Acts 1912, No. 178, p. 322, and he appeals. Judgment set aside, indictment quashed, and accused ordered discharged.

Grisham & Oglesby, of Winnfield, and W. L. Bagwell, of Jonesboro, for appellant. R. G. Pleasant, Atty. Gen., and Julius T. Long, Dist. Atty., of Winnfield (G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. The title of Act 178, p. 322, of 1912, reads:

"An act to increase the revenues of the state of Louisiana by levying an annual license tax on the sale of malt liquors containing less than 2 per cent. of alcohol, and providing penalties for the nonpayment of such license."

The body of the act imposes a state license upon the sale of such liquors, and makes it an offense to sell them without having paid this license; and it makes it a like offense to sell them without having paid the license which the municipality or parish where the sale is made may have imposed for their sale.

This provision as to municipal and parish licenses is not covered by the title of the act, and is therefore violative of article 31 of the Constitution, which requires the object of an act to be expressed in its title. The only objects expressed in the title of said act are, to increase the revenues of the state by the imposition of an annual license, and to make it an offense not to pay this state license.

The accused was indicted under this provision, and in a motion to quash pleaded its unconstitutionality.

The motion should have been sustained.

The judgment appealed from is therefore set aside, and the indictment in this case is quashed, and the accused is ordered discharged without day.