FREIBBERG v. MAMMELLI
BENADEY, INTERVENOR

---

(May 21, 1928.   Opinion and Decree.)

---

(*Syllabus by the Court*)

1.   Louisiana Digest—Laws—Par. 29, 43; Chattel Mortgages—Par. 1, 2.
The expression in the title of Act 198 of 1918 of the purpose to grant the right to mortgage movable propery is sufficient to indicate an intention to confer a privilege upon the mortgagee. The act is not repugnant to Sec. 16 of Art. 3 of the Constitution of 1921.

Appeal from Civil District Court, Division "E."   Hon. Wm. H. Byrnes, Judge.

Action by Louis W. Freibberg against Dominick Mammelli, Harry A. Benadey, intervenor.

There was judgment for plaintiff, and intervenor appealed.

Judgment affirmed.

Monroe & Lemann & W. K. Leverich, of New Orleans, attorneys for plaintiff, appellee.

Geo. J. Unteriener, of New Orleans, attorney for intervenor, appellant.

WESTERFIELD, J.   In this suit plaintiff and intervenor claim priority in the distribution of the proceeds of certain property sold by the sheriff.   Plaintiff, as the holder of a chattel mortgage is admittedly entitled to the money unless the chattel mortgage law Act 198 of 1918 be held unconstitutional.   The ground upon which the act is assailed is its alleged repugnance to Sec. 16, Art. 3 of the Constitution of 1921 which provides that "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

The title to the act reads:

"To grant the right to mortgage movable property; to provide the method of executing, recording, foreclosure and enforcement

of such right of mortgage; to provide for the regulation and effect of such right of mortgage; to provide penalties for the fraudulent disposition or concealment of property mortgaged under this Act; to provide penalties for the fraudulent release of a mortgage arising under this Act; to provide penalties for the granting of a mortgage on property not belonging to the mortgagor; to provide penalties for concealing the existence of liens, privileges or encumbrances already existing on the property mortgaged under this Act; to provide for the obtaining of an affivadit by a resident of any parish from a non-resident of such parish in connection with the purchase of the movable property which may be mortgaged under this Act; to provide penalties for the violation by the mortgagor and other persons of the provisions of such mortgages and of this Act and penalties for frauds in connection therewith; to provide for the repeal of laws in conflict herewith.''

Counsel contends that the act purposes to accomplish four distinct objects which he enumerates as follows:

First:   To create the right to mortgage of movable property and to provide the method of its executing, recording, enforcement and foreclosure.

Second:   To create a privilege by making the recordation of a mortgage of movable property creating a lien on the property mortgaged.

Third:   To make the lien so created superior to any lien or privilege arising thereafter.

Fourth:   To make the removing of mortgaged property from the parish where the mortgage is recorded a misdemeanor.

The argument is that there is a difference between a mortgage and a privilege and that a chattel mortgage under our law is a privilege and that the title of the act contains no sufficient description of privilege. R. C. C. 3185 and 3290. We are referred to a number of decisions holding laws unconstitutional because repugnant to the constitutional provision relied on here.

State vs. Capdeville, 135 La. 669, 65 So. 890; Sullivan vs. Minden Lumber Co., 135 La. 331, 65 So. 479; Lavedan vs. Thompson, 133 La. 882, 63 So. 389; State vs. Duson, 130 La. 488, 58 So. 159.

We premise our discussion with the observation that acts of the legislature are presumed to be constitutional, State vs. Rose, 125 La. 462, and will not be pronounced otherwise unless manifestly so, a mere doubt of their validity being resolved in their favor and that when possible such construction will be adopted as will give it constitutional life rather than another construction which would strike it with constitutional death. Grenage vs. Times-Picayune Pub. Co., 107 La. 121, 31 So. 682; State vs. Capdeville, 104 La. 561, 29 So. 215; State vs. Winnfield, 127 La. 755, 53 So. 980.

We find only one object expressed in the title of the act and, that, the purpose of permitting personal property to be mortgaged in this state. It is fairly disclosed in the title and the scope of the act itself is no broader. All else that is said on the subject is cognate and not inconsistent with the object of the law as expressed in its title. We know of no constitutional mandate requiring definition of terms or minute details of legislation to be expressed in the title.

Whatever distinction may have been recognized by our courts between mortgage and privilege, a mortgage upon personal property must necessarily import a privilege.

For the reasons assigned the judgment appealed from is affirmed.