The plaintiff, Interstate Trust Banking Company, obtained a judgment in these proceedings against George F. Baker in the sum of $3,700, with 7 per cent. interest from July 5, 1925, and 10 per cent. attorney's fees. It caused a fi. fa. to issue and garnisheed Baker's employer, the Myles Salt Company, Limited. Myles Salt Company, Limited, answered that Baker was employed by it at a salary of $69.23 per week, whereupon plaintiff filed a supplemental petition *Page 768 
in which judgment was prayed for in accordance with the terms of section 1 of Act No. 115 of 1928, condemning Myles Salt Company, Limited, to pay all sums due by it to Baker "in excess of the sum of $250.00 per month, and one-half of the said sum of $250.00, and that said payments continue until the final liquidation of petitioner's judgment against the said George F. Baker." The section referred to reads as follows:
"Be it enacted by the Legislature of Louisiana, That one-half of the wages or salaries of all laborers, wage earners, artisans, mechanics, engineers, firemen, carpenters, bricklayers, secretaries, bookkeepers, clerks, or of employees, of any kind or nature whatever, whether skilled or unskilled, whose rate of compensation does not exceed Two Hundred Fifty ($250.00) Dollars per month, is hereby declared to be exempt from seizure or garnishment. That the other one-half of said wages, salaries or compensation of such, and the whole of such wages, salaries or compensation in excess of Two Hundred Fifty ($250.00) Dollars, is hereby declared to be not exempt, but subject to seizure and garnishment; and provided further that in every case not less than Seventy Five ($75.00) Dollars per month shall be entirely exempt from seizure and garnishment. Provided, that the wages of common farm laborers and domestic servants shall be exempt entirely from seizure and garnishment. That in every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, bricklayer, secretary, bookkeeper, clerk, or employee, of any nature or kind whatever, whether skilled or unskilled, whose rate of compensation does not exceed Two Hundred Fifty ($250.00) Dollars per month, shall be garnisheed, either under attachment or fieri facias or as otherwise provided by *Page 769 
law, a judgment shall be rendered by the court of competent jurisdiction in which the said garnishment proceedings may be pending, fixing one-half of such wage or salary as exempt, and providing for the payment to the seizing creditor of whatever sum for which judgment may be obtained out of the one-half of such wage or salary which is not exempt."
In answer to the supplemental petition, the Myles Salt Company, Limited, garnishee, attacked the constitutionality of Act No. 115 of 1928, upon the ground that its title was not indicative of its object, in conformity with section 16 of article 3 of the Constitution of Louisiana of 1921, and, by way of supplemental answer, it was averred that the act was unconstitutional upon the additional grounds that it sought to impose upon the courts of this state functions not judicial in character, in contravention of section 3 of article 7 of the Constitution of 1921, and, further, that the said act was repugnant to the Fourteenth Amendment to the Constitution of the United States, and article 1, § 2, of the Constitution of Louisiana 1921, in that it deprived respondent of its liberty of contract and denied to it the equal protection of the laws.
The trial court disposed of the issues thus presented by holding that the act complained of was unconstitutional upon the first ground upon which it was attacked, to the effect that its object was not indicated by its title. Counsel for plaintiff, in argument in this court and in their brief, contend, first, that the respondent, garnishee, is without interest to raise the question of the constitutionality of the act, and, in the alternative, insist that the act is constitutional in every respect in which it is challenged by respondent.
Obviously, the first question to be considered is the right of respondent to raise the *Page 770 
question of the constitutionality of the act complained of. In support of the position of garnishee, we are referred to the text of Corpus Juris found in volume 28, p. 285, reading as follows:
"According to the more generally accepted rule, the garnishee is entitled to assert defendant's right to a statutory exemption, in the fund or property in his hands, and if he does not do so, but pays the money or property into court or suffers judgment to be taken, he will not be discharged from liability to defendant, except where defendant has been personally served, or has voluntarily appeared to maintain his right, or the garnishee has notified defendant of the pendency of the proceedings in order that he might defend."
The rule here stated is not universal, for many jurisdictions hold that the garnishee is only required to make answer to the matters inquired of in the writ and is under no obligation to set up any defense or exemption which the debtor may have. (See footnote under the cited text.) But we are not considering any statutory exemption here. We make a distinction between the right and duty of a garnishee to urge in behalf of its debtor an exemption established by law in his favor and the right of a garnishee to attack the validity of a statute. In one case it might be said that a garnishee who is a stakeholder had failed in his obligation to a party, whose money he held in that capacity, by his failure to assert the obvious defense of legal exemption. For example, if, in this case, the entire amount of Baker's salary had been garnished, it might well be that the garnishee should assert the statutory exemption of one-half of $250 established in his favor by Act No. 115 of 1928. But here the exemption is recognized, and only the sum legally subjected to seizure is sought to be applied to plaintiff's judgment. *Page 771 
The defense urged is not consistent with the terms of a statute, establishing an exemption, nor is it within the terms of any other statute, but an attack upon the validity of the law, by a stakeholder without pecuniary interest.
When it is considered that the acts of a Legislature are presumed to be constitutional and are only held to be otherwise when no other alternative presents itself, the courts, being actuated by a feeling of respect for a co-ordinate branch of the government and very loath to exercise their prerogative except in cases of glaring inconsistency and repugnance to the fundamental law, it is apparent that the validity of a statute will not be inquired into except at the instance of those whose constitutional rights have been invaded. We believe this principle to be of such sound public policy that our inclination is to extend, rather than restrict, its application. In Cooley's Constitutional Limitations (8th Ed.) vol. 1, p. 338, we find the following:
"While courts cannot shun the discussion of constitutional questions when fairly presented, they will not go out of their way to find such topics. They will not seek to draw in such weighty matters collaterally, nor on trivial occasions. It is both more proper and more respectful to a co-ordinate department to discuss constitutional questions only when that is the very `lis mota.' Thus presented and determined, the decision carries a weight with it to which no extra-judicial disquisition is entitled. In any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record, yet if the record also presents some other and clear ground upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left *Page 772 
for consideration until a case arises which cannot be disposed of without considering it, and when consequently a decision upon such question will be unavoidable."
"Nor will a court listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it. * * *; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void, as to him, his property or his rights, that the objection of unconstitutionality can be presented and sustained. Respect for the legislature, therefore, concurs with well-established principles of law in the conclusion that such an act is not void, but voidable only; and it follows, as a necessary legal inference from this position, that this ground of avoidance can be taken advantage of by those only who have a right to question the validity of the act, and not by strangers. To this extent only is it necessary to go, in order to secure and protect the rights of all persons against the unwarranted exercise of legislative power, and to this extent only, therefore, are courts of justice called on to interpose."
The following authorities are to the same effect:
"One attacking the constitutionality of a statute must show that it affects him injuriously and actually deprives him of a constitutional right." C.J. vol. 12, Verbo Constitutional Law, p. 762.
"One claiming that a state statute violates the fourteenth amendment is limited solely to the inquiry whether in the case which he himself presents the statute has operated to infringe his constitutional rights and the Court will not consider whether in a different *Page 773 
case the statute might so operate." C.J., Vol. 12 — Verbo Constitutional Law, p. 762; Del Castillo v. McConnico,168 U.S. 674, 18 S. Ct. 229, 42 L. Ed. 622.
"It is incumbent upon one who seeks an adjudication that a state statute is repugnant to the Federal Constitution to show that he is within the class with respect to whom it is unconstitutional." Louisville, etc., R. Co. v. Finn,235 U.S. 601, 35 S. Ct. 146, 150, 59 L. Ed. 379.
"The nullity of a law, impairing the obligation of a contract, can be pleaded by him alone whose rights are invaded." New Orleans, etc., Nav. Co. v. New Orleans, 12 La. Ann. 364.
"The right of a party to raise the question of the constitutionality of a law is limited to the provisions thereof which affect his interest in the litigation." Whited v. Lewis, 25 La. Ann. 568.
"It is not for a city to object that obedience to a constitutional provision impairs the obligation of its contracts, but only for the creditors whose contracts are being impaired." Moore v. New Orleans, 32 La. Ann. 726, cited. State v. Monroe,132 La. 82, 60 So. 1025.
The only extent to which this statute affects the garnishee is to require the payment to plaintiff of a portion of the salary of its employee, at weekly or monthly intervals, as the case may be, should there be any amounts subject to garnishment. This may amount to an inconvenience, but we fail to see in what respect it is more onerous than the obligation of an employer or other person against whom garnishment proceedings have been instituted under the law as it existed prior to the enactment of the statute complained of. In fact, it might be said that, since the present act requires only one garnishment, there is less inconvenience suffered by an employer *Page 774 
than was the case under the previous law, when it was necessary to issue a separate garnishment each month. But, even though respondent be subjected to some inconvenience, more or less than would have been the case under former conditions, he is certainly without any pecuniary interest in the operation of the statute, and we know of no constitutional right of which it deprives him.
Under the circumstances we must defer a consideration of the constitutionality of Act No. 115 of 1928, until such time as a case is presented involving the possible invasion of some constitutional right or immunity possessed by the party attacking the statute.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Interstate Trust Banking Company, ordering the respondent, Myles Salt Company, Limited, to pay to the Interstate Trust Banking Company all sums due by the Myles Salt Company, Limited, to George F. Baker in excess of the sum of $250 per month, and one-half of the said sum of $250, the said payments to continue until the final liquidation of a certain judgment obtained by the said Interstate Trust Banking Company against the said George F. Baker in these proceedings, dated March 31, 1928, and calling for the sum of $3,700, with interest at the rate of 7 per cent. per annum from July 1, 1925, until paid, together with 10 per cent. on the principal as attorney's fees, and all costs.
Judgment reversed.
O'NIELL, C.J., and OVERTON and ROGERS, JJ., dissent.