(129 So. 552)

**PIRES et al. v. YOUREE et al.**

No. 29697.

June 2, 1930.

Rehearing Denied July 2, 1930.

Cantey, Hanger & McMahon, of Fort Worth, Tex., and Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, for appellants.

John L. Young, of Dallas, Tex., and Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellees.

ST. PAUL, J.

On July 12, 1916, L. A. Pires made his will, by the terms of which, after making other bequests and legacies, he gave and bequeathed to Mrs. Bettie Scott Youree certain real estate in Shreveport, La., in trust, with the request that the net income thereof "shall be used by her in charitable work in Shreveport, Louisiana, as she in her wisdom may determine wise and prudent," with the right in her to name her successor; and in case of her failure to do so, then such successor should be named by one of the district judges of Caddo parish "to the end that this trust shall be perpetuated."

Pires died on July 3, 1922, and his will was duly probated.

Plaintiffs are the blood relatives and nearest of kin of said Pires, and attack said legacy on the ground that it contains a fidei commissum and prohibited substitution, contrary to the provisions of Rev. Civ. Code, art. 1520.

The defendant filed an exception of no cause of action, which was sustained by the trial judge; and plaintiffs appeal.

## I.

■■ We agree with the district judge that the exception was well founded. "In donations mortis causa, the rule is well settled that in order to determine on the capacity to give or to receive, or on the validity of a disposition in relation to its amount, reference must be had to the time of the donor's death, because it is not until then that the donation is to take effect." Criswell v. Seay, 19 La. 528. And at the time of the testator's death there was in effect in this state a statute, which in our opinion covers this case exactly, to wit, Act No. 72 of 1918, p. 108.

That act provides: "That it shall be lawful for anyone to make a donation inter vivos or mortis causa of any description of property to a trustee or trustees for educational, charitable or literary purposes generally, without designating the particular purpose to be fostered or aided, and in such cases to permit the trustee or trustees to appoint, create or change, from time to time and as often as they may deem wise, the beneficiary of such trust estate or any part thereof. * * *" Section 1.

In interpreting this act in Succession of Marion, 163 La. 734, 112 So. 667, 671, we said: "This act clearly authorized the creation of trust estates for educational, charitable, or literary purposes. It even dispenses with the necessity of the testator's naming the particular purpose to be fostered by the disposition, and makes it possible for him to arrange matters so that the trustee named by him may designate the particular purpose to be aided, and may name, create, or change from time to time the beneficiary of the trust estate. Primarily the act was intended to provide for the creation of trust estates for the purposes named, without designating a beneficiary or legatee, but leaving it to the trustee named by the testator to select from time to time the beneficiary."

That is precisely what the testator has done in this case. He has created a perpetual trust for charitable purposes; he has appointed Mrs. Youree the trustee for this estate; he has left to her to select the beneficiaries of the charity intended by him.

And the act expressly provides (section 7) that the provisions of the Revised Civil Code relative to substitutions, fidei commissa, or trust dispositions shall not apply to, or in any manner affect, donations made in accordance with the act.

## II.

■■■ It is argued that Act No. 72 of 1918 violates section 16 of article 4 of the Constitution of 1921, which forbids the creation of substitutions, fidei commissa, and trust estates for a period of more than ten years after the death of the testator. But this very article itself provides that this prohibition shall not apply to donations for educational, charitable, or religious purposes.

It is further argued that Act No. 72 of 1918, has more than one object. We do not think so. The only object of the statute is to permit the creation of trust estates for educational, charitable, or literary purposes. The rest of the statute merely provides the manner in which this object may be carried out. "The requirement that a statute shall have only one object does not forbid the Legislature to deal with several branches of the subject stated in the title of the act, or to provide in one act all of the means necessary for carrying out its object." State v. Craig, 158 La. 866, 104 So. 744, 745. The fact that the provisions of the act for the carrying out of the object thereof affect a number of laws, on the same or on other subjects, does not in

the least alter the case. This is merely incidental to the new law and not an object thereof. Whenever a new law is passed on any subject, its provisions necessarily affect some, perhaps many, laws on the same subject-matter. Nevertheless the new statute has but one object, and its effect on other laws is merely incidental to the carrying out of that one object. To say that new legislation could not be had unless its provisions accord with and do not affect prior legislation would be simply to say that no new legislation could be had at all.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., concurs in the result, but is of the opinion that the effect of the bequest was to make Mrs. Youree virtually the owner of the property.