(131 So. 678)

## SURETY CREDIT CO., Inc., v. TIEMAN et al.

### No. 30567.

Dec. 1, 1930.

Frymire & Ramos and R. Richard Hagen, all of New Orleans, for appellant.

John R. Perez and John H. Holmes, both of New Orleans (Normann, McMahon & Breckwoldt, of New Orleans, of counsel), for appellees.

ROGERS, J.

Plaintiff, the Surety Credit Company, Inc., sued A. W. Tieman and two other parties on a promissory note, and prosecuted its suit to final judgment against Tieman alone. Subsequently, plaintiff, in an attempt to execute this judgment, garnished the Automatic Oasis Company, Inc., the employer of its judgment debtor. The garnishee answered the usual interrogatories, admitting the employment of Tieman at a salary of $50 a week, but denying any indebtedness to him, averring that, on the contrary, Tieman was indebted to it in the sum of $395.82. Plaintiff, the Surety Credit Company, Inc., then proceeded by rule against Tieman, its judgment debtor, and his employer, the Automatic Oasis Company, Inc., the garnishee, to obtain a judgment decreeing the payment to plaintiff of the nonexempt portion of Tieman's salary until the full amount of plaintiff's judgment—principal, interest, attorney's fees and costs—should be paid in full, as provided by Act No. 115 of 1928.

The judgment debtor and the garnishee answered the rule, pleading the unconstitutionality of the statute on various grounds. The court below, following the decision in Interstate Trust & Banking Co. v. Baker, 169 La. 766, 126 So. 54, refused to consider the grounds urged by the garnishee, but declared the legislative act unconstitutional on two of the grounds set up by the judgment debtor, and dismissed the proceeding. Plaintiff appealed from this judgment, and both defendants in rule, the judgment debtor and the garnishee, answered the appeal, praying this court to pass on all the grounds of unconstitutionality urged by them against the statute.

We do not find it necessary or expedient to pass upon the right of the garnishee to plead the unconstitutionality of the legislative

act, or to reconsider the decision by a divided court in the case of Interstate Trust & Banking Co. v. Baker. The judgment debtor is a party litigant in this proceeding, and it is not disputed that he has an interest in attacking the validity of the statute under the provisions of which his judgment creditor is attempting to execute its judgment.

In this court, Tieman, the judgment debtor, argues that Act No. 115 of 1928 is unconstitutional in two respects, viz.:

1st. That its title is not indicative of its object as required by section 16 of article 3 of the state Constitution.

2d. That the classification of employees effected by the statute is capricious, unreasonable, arbitrary, and discriminatory, and that the act is violative of the "equal protection of the law clause" of the federal Constitution.

Our conclusion is that the first of these contentions is sound, and, hence, we will not discuss the second.

The title of Act No. 115 of 1928 reads as follows, viz.:

"Providing an exemption from seizure and garnishment of a portion of the wages or salaries of all laborers, wage earners, or employees, of any kind, whether skilled or unskilled; and providing the procedure by which the portion not exempt may be seized and garnisheed."

Under that title, the provisions of the statute, which are contained in six sections, except to the extent of $75 per month and a total exemption in favor of farm and domestic laborers, exempt from seizure one-half of the wages or salaries of all employees, whether skilled or unskilled, whose rate of compensation does not exceed $250 per month; and dedicates the other one-half of such wages or salaries, whether earned or unearned, to the

payment of the employee's debts. The statutory provisions also authorize the seizure of future or unearned wages or salaries, and provide for the rendition under garnishment process of a judgment against an employer, condemning him, so long as the judgment debtor shall remain in his employ, and under penalty of having to pay it over again, to collect and pay in installments to the executing officer the amount of the debt due the judgment creditor.

Under the law as it existed prior to the adoption of Act No. 115 of 1928, the wages of laborers were wholly exempt from seizure, while the salaries of other employees, except public officials, were subject to seizure. The purpose of the lawmaker was to change this, so as to make a portion of the wages of laborers, except farm and domestic, subject to seizure, and to exempt from seizure a portion of the salaries of employees of the nonlaboring class. This object is embraced in the statute. But the statute seeks to enforce its object by authorizing the seizure not only of the earned, but also of the unearned, wages or salaries of judgment debtors, and by imposing upon employers, under penalty of personal liability, the burden of collecting in installments from judgment debtors the amounts due judgment creditors and paying over such installments as collected to the officer charged with the execution of the judgment.

The statute, in short, introduces a radical change in our laws relating to garnishment. Prior to its adoption there was no procedure whereby future credits or rights could be seized under garnishment process. Under the pre-existing law, the liability of the garnishee to the seizing creditor became fixed at the moment the garnishment was run. This liability imposed upon the garnishee only the

duty of delivering to the officer charged with the execution of the judgment the money or property of the judgment debtor in the garnishee's possession. When this delivery was made, under a proper order of court, the duty of the garnishee was discharged and his liability ceased.

The object of the statute is not fairly expressed in its title, and the title, itself, is misleading and wholly insufficient to put on inquiry those persons who are affected by its provisions.

According to its title, the statute provides for the exemption from seizure of a portion of the wages or salaries of all employees, of any kind, whether skilled or unskilled, and sets forth the method by which the nonexempt portion of such wages or salaries may be seized or garnished. But there is nothing in the title to indicate in the slightest degree the intention of the lawmaker to change the existing and familiar procedure for enforcing judgments by garnishment process, and to substitute therefor a special or new mode of executing judgments in garnishment proceedings. We are satisfied no one reading the title of the statute could infer or imagine from its language that the body of the act contained any provision completely changing the existing and well-known law covering the execution of judgments by garnishment process.

It is plain that there is a wide difference between the title and the provisions of the statute as to the meaning and the object to be attained by the law; and, hence, the statute is clearly violative of section 16 of article 3 of the Constitution.

The following cases support our view of the legal principles governing the issues herein involved, viz.: State v. Baum, 33 La. Ann. 981; State ex rel. Lewis v. Judge, 44 La. Ann. 90, 10 So. 400; State v. Tolman, 124 La. 630, 50 So. 607, 134 Am. St. Rep. 514; State v. Duson, 130 La. 488, 58 So. 159; Lavedan v. Thompson, 133 La. 882, 63 So. 389; Sullivan v. Minden Lumber Co., 135 La. 331, 65 So. 479; State v. Barkley, 138 La. 389, 70 So. 336.

Plaintiff refers to a number of decisions as upholding its contentions. None of these cases, however, are exactly in point. They are all to the effect that a statute is presumed to be constitutional, and that the court will adopt the construction which will make it valid; and where the title to an act is not misleading or not such as to take an inquirer by surprise, it may be legal, notwithstanding it is not as ample as it might be. Plaintiff in its argument, both oral and brief, stresses the controlling effect on the present case of the cases of State v. Hill, 168 La. 761, 123 So. 317 and Pires v. Youree, 170 La. 986, 129 So. 552. We do not attach the same importance to those cases as does plaintiff. In fact, we do not think they are appropriate to the issue involved here. The main question for decision in both the cited cases was whether the statutes under review contained more than one object in violation of the constitutional inhibition. The contention that the titles of the statutes were not indicative of their objects was merely incidental to the main question involved in the cases. The court found in both cases the statutes therein attacked were not amenable to the objection that they contained more than one object, and that the titles sufficiently indicated the one and only purpose of the acts.

For the reasons assigned, the judgment appealed from is affirmed at the appellant's cost.