McINTYRE v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD (MAGNOLIA CAMP No. 58)

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)
(March 3, 1931. Writs of Certiorari and Review Granted by Supreme Court.)
(May 25, 1931. Opinion and Decree in Supreme Court.)

Stanley McDermott, Morris B. Redmann, of New Orleans, attorneys for plaintiff, appellant.

A. B. Booth, Jr., of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff appeals from a judgment in favor of defendant maintaining an exception to citation and dismissing her suit.

The petition alleges that plaintiff is the beneficiary in a policy of insurance issued by the defendant fraternal order in the sum of $1,500 on the life of her deceased husband. It is further alleged that the defendant is a foreign corporation doing business in this city without any known domicile or representative here, and without having designated an agent upon whom

service of process can be made; that, considering these facts, service is prayed for "upon the Secretary of State and the proper officers of Magnolia Camp No. 58 in New Orleans." Citation issued in accordance with the prayer of the petition, and the defendant was ordered to answer within the usual delay of ten days. Two exceptions were filed, the first leveled at the service upon the local officers of Magnolia Camp No. 58· upon the ground that it was a subordinate lodge of the defendant fraternal order and without authority to represent defendant in the suit. This exception was maintained and no appeal taken by plaintiff, who, in brief, acknowledges the correctness of the court's ruling in this respect.

The second exception attacked the service upon the secretary of state upon the ground that "the citation required your defendant, a foreign corporation and a fraternal beneficial society, to file its answer, pleadings, or defense in less than thirty days from the date of mailing a copy of such service by the Secretary of State to said defendant." After a hearing, this exception, upon the authority of section 17 of Act No. 256 of 1912, was maintained, and plaintiff's suit dismissed. From this judgment plaintiff has appealed.

Appellant contends that the judgment appealed from should be reversed, because, among other reasons, section 17 of Act No. 256 of 1912 is unconstitutional, in that it is violative of article 3 of section 16 of the Constitution of 1921, to the effect that "every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

The title of Act No. 256 of 1912 reads as follows:

"An Act to amend and re-enact Act No. 115 of 1906 entitled 'An Act to provide for the organization, admission and regulation of Associations transacting the business of life, accident, sick benefit or physical disability insurance on the fraternal plan, and to fix penalties for the violation of this Act, and to repeal all laws in conflict with the provisions of this Act.' "

Section 17 of the act reads as follows:

"Be it further enacted, etc., That every society, whether domestic or foreign, now transacting business in this State shall, within thirty days· after the passage of this Act, and every such society hereafter applying for admission, shall, before being licensed, appoint in writing the Secretary of State and his successors in office to be its true and lawful attorney, upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the society and that the authority shall continue in force so long as any liability remains outstanding in this State.

"Copies of such appointment, certified by said Secretary of State, shall be deemed sufficient evidence thereof and shall be admitted in evidence with the same force and effect as the original thereof might be admitted. Service shall only be made upon such attorney, must be made in duplicate upon the Secretary of State, or in his absence upon the person in charge of his office, and shall be deemed sufficient service upon such society; provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. When legal process against any such society is served upon said Secretary of State he shall forthwith forward by registered mail one of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall not be served upon any such society except in the manner provided therein."

The alleged constitutional incompatibility

of section 17 is said to consist in the change which it purports to make in the procedural law of this state without proper declaration of such intention in its title.

In defending this section, opposing counsel direct our attention to the fact that the act of 1912 is an amending act, as appears from the title itself, where it is declared to be "An Act to amend and reenact Act No. 115 of 1906," and that the title of an amending act sufficiently states its object by a declaration of intention to amend an existing statute. State of Louisiana v. Brown, 41 La. Ann. 771, 6 So. 638. In this case, however, the title of the act which it is proposed to amend is repeated in full in the amending statute. Consequently there is no need to refer to the title of the original act to supply any constitutional delinquency, since the title of the original act is repeated in the amending act and the situation is the same as though the act under consideration was an original and not an amendatory act. It is further contended that the title of a law is not to be strictly or technically interpreted, and, if it states the object according to the understanding of reasonable men, it satisfies reasonable requirements. (Lacoste v. Department of Conservation, 151 La. 909, 92 So. 381); that the title need not embrace any detail of legislation contained in the act (Edwards v. Police Jury, 39 La. Ann. 855, 2 So. 804); that it need not be an index to the contents of the act (State v. Thrift Oil & Gas Co., 162 La. 165, 110 So. 188, 51 A. L. R. 261); that incidental and necessary provisions for carrying out the principal object of an act need not be stated in the title (State v. Norris, 161 La. 988, 109 So. 787); and finally, that the words "regulation of Associations transacting the business of life, accident, sick benefit or physical disability insurance on the fraternal plan," are sufficiently suggestive of a legislative purpose to change the ordinary procedure with reference to these companies; in other words, that "regulation" is a sufficiently comprehensive term to contemplate a change in the customary methods of procedure.

At the outset, we wish to repeat what we have formerly said to the effect that, as a subordinate appellate tribunal, we have great hesitancy in holding an act unconstitutional, believing, as we do, that the most appropriate authority to pass upon the propriety of legislative enactments is the Supreme Court of the state. Magendie v. Constable First City Court of New Orleans, 4 La. App. 718. It is therefore with great reluctance, and only because of our conviction that the legislation under consideration in the instant case is plainly obnoxious to the constitutional provision referred to, that we have concluded to express our opinion to this effect.

The citation in this case is in conformity with the articles of our Code of Practice (articles 179, 180), section 3, chapter 2, part 2, which proclaims the rules to be observed in the prosecution of civil actions. The procedure there established has guided the bench and bar of this state for more than a hundred years. It would seem, therefore, beyond controversy that an intention to change this procedure would require unequivocal expression in the title of an act purporting to do so.

In the very early case of Walker v. Caldwell, 4 La. Ann. 297, the court in discussing a similar provision in the Constitution then in force, gives the history of this constitutional provision, and states that its object was to prevent abuses in the exercise of the legislative power. Speaking of prior conditions, the court said:

"The title of an act often afforded no clue to its contents; important general provisions were found placed in acts private or local in their operation; provisions concerning matters of practice or judicial proceedings were sometimes in the same statute with matters entirely foreign to them; the result of which was that, on many important subjects, the statute law had become almost unintelligible, as they whose duty it has been to examine, or to act under it, can well testify."

See Sullivan v. Minden Lumber Co., 135 La. 331, 65 So. 479; Municipality No. 1 v. Millaudon, 12 La. Ann. 769; Succession of White, 9 La. Ann. 233; Duverge's Heirs v. Salter, 5 La. Ann. 94.

It is to be noted that the title of Act No. 20 of 1914, the compensation law, after expressing other objects of the legislation, declares its purpose to be "regulating procedure for the determination of liability."

In the case of Lavedan v. Thompson, 133 La. 882, 63 So. 389, another section of Act No. 256 of 1912, section 21, was declared to be unconstitutional with reference to the same provision of the Constitution, because that section attempted to exempt certain funds derived from the proceeds of insurance policies from seizure under garnishment, without any reference in its title indicating such purpose. It is very clear that the last-cited case bears a close analogy to the present one, and the considerations which resulted in a holding that that section was unconstitutional apply with equal or greater force in the instant case.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this case be remanded to the district court for further proceeding according to law and not inconsistent with the views herein expressed.