No. 3756

Second Circuit

(Second Division)

———

PLAUCHE-LOCKE SECURITIES CO., INC.,
v. TERRELL
(HOLLINGSWORTH, Garnishee)

———

(November 18, 1931.  Opinion and Decree.)

———

Cline & Plauche and C. S. Girod, Jr., of

Lake Charles, and W. H. Wamsley, of Coushatta, attorneys for plaintiff, appellant.

Henry W. Bethard, Jr., of Coushatta, attorney for garnishee.

CULPEPPER, J.  Plauche-Locke Securities Company, Inc., obtained judgment in the district court of Red River parish on October 14, 1927, against G. A. Terrell, in the sum of $622.38, with interest, attorney's fees, and costs, and with recognition of plaintiff's vendor's lien and chattel mortgage upon an automobile belonging to defendant, for the purchase price of which the note sued on was given.  The property mortgaged was thereafter sold by the sheriff, and, after the judgment had been credited with the proceeds, there was left a balance due on same.  Thereafter, garnishment proceedings were issued under a fi. fa. in which C. W. Hollingsworth was made garnishee.  Hollingsworth answered, setting forth that Terrell was in his (Hollingsworth's) employ as a bookkeeper at a salary of $175 per month, payable monthly on the first of each month, but that he, garnishee, had loaned Terrell certain sums of money and had sold him certain merchandise previous to the beginning of the employment, and since, for which Terrell owed $322.38 at the beginning of his employment and the amount of the advances since amounted to $3,041.96; that he (garnishee) entered into an agreement with Terrell at the beginning of the employment, which agreement is still operative, by which Terrell's salary should be applied upon his said indebtedness to garnishee from month to month as same accrued.  Garnishee attaches an itemized statement to his answers to interrogatories which shows that Terrell still owes more than his salary accruals up to the end of his employment,

which will be, according to the answer, November 30, 1928.

Upon this showing judgment was rendered, denying the relief sought and dismissing the garnishment proceedings. Plaintiff took an appeal from the judgment; the appeal being lodged in this court on December 2, 1929. No appearance has been made before the court by plaintiff, no brief filed, and no appearance by counsel for argument. Counsel for the garnishee made no appearance except to file briefs. Counsel states in his brief that it is his understanding that plaintiff has abandoned its case against the garnishee, presumably for the reason that Act No. 115 of 1928, upon which plaintiff relied for relief, was declared unconstitutional by the Supreme Court on December 1, 1930, in an opinion handed down in the case of Surety Credit Co. v. Tieman, reported in 171 La., page 581, 131 So. 678. It is true the act was declared unconstitutional in the decision referred to.

Such being the case, plaintiff would have to recover, if at all, under the old law.

Under the old law, future credits or rights could not be seized, and garnishee was liable only for money or property of debtor in garnishee's possession at date of garnishment.

Garnishee states in his answer to the interrogatories that he did not have at the time of the service of the interrogatories, nor since, any money or funds, rights or credits in his possession, belonging to the defendant G. A. Terrell. This being taken to be true, plaintiff's garnishment was unavailing, and the dismissal of the proceeding by the district judge was correct.