153 So. 689

KLEINPETER v. FERRARA et ux. (THIRD
DISTRICT BLDG. ASS'N, Intervener).

No. 32564.

Feb. 26, 1934.

Fred Zengel, Jr., of New Orleans, for appellant.

Andrew H. Thalheim, of Gretna, for plaintiff appellee.

John E. Fleury, of Gretna, for defendants.

ROGERS, Justice.

Charles C. Ferrara and Marie Ferrara, his wife, jointly own a single cottage designated as No. 320 Sixth street, in the city of Gretna. This property was damaged by fire to the extent of $917.70, and the loss was covered by an insurance policy of the Buffalo Insurance Company, of Buffalo, N. Y., issued in the name of Charles C. Ferrara.

The plaintiff, William J. Kleinpeter, under a judgment against Mr. and Mrs. Charles C. Ferrara, seized the interest of Charles C. Ferrara in the claim against the insurance company for the damage caused by the fire.

The Third District Building Association, as the owner of a note signed by Mr. and Mrs. Charles C. Ferrara, secured by mortgage and vendors' lien on the damaged property, intervened, and opposed the seizure, claiming a preferential right to the proceeds of the insurance policy. There was no loss payable clause attached to the policy, and intervener and opponent predicated its claim to be paid in preference to the seizing creditor upon Act No. 263 of 1916.

William J. Kleinpeter, who was made a respondent in the intervention and third opposition of the building association, filed an exception of no right or cause of action and also an answer. The principal defense set up in the answer was that Act No. 263 of 1916 is unconstitutional for the reason that the body and subject-matter of the statute is broader than its title, the title referring only to perishable property and the body of the statute to property generally.

The court below overruled the exception, but on the merits dismissed the intervention and opposition of the building association, holding that Act No. 263 of 1916 is ineffective as to real estate.

Section 16 of article 3 of the Constitution of the state provides that every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object. The title of Act No. 263 of 1916 is indicative of but one object; that is, to create in favor of the vendor of perishable property a lien and privilege on the proceeds of the insurance policy where such property is destroyed by fire. But the provisions of the statute are more comprehensive than its title indicates, and create a lien and privilege in favor of the vendor where any character of property is destroyed by fire.

The title of a statute defines its scope, and any of its provisions beyond the restrictions of the title are invalid. State v. Banks, 106 La. 480, 31 So. 53; State v. Duson, 130 La. 488, 58 So. 159; State v. Hincy, 130 La. 620, 58 So. 411; Sullivan v. Minden Lumber Co., 135 La. 331, 65 So. 479; State v. Capdevielle, 135 La. 669, 65 So. 890; State v. Walters, 135 La. 1070, 66 So. 364; State v. Thibodeaux, 136 La. 935, 67 So. 973; State v. Boylston, 138 La. 21, 69 So. 860.

It is argued on behalf of the intervener and opponent that, in consonance with the spirit and purpose of the statute, the words "perishable property" contained in the title should be given a broad rather than a restrictive meaning and should be construed to apply to all property consumable by fire.

But it is a familiar rule of statutory construction that the words of a legislative act cannot be extended beyond their proper and natural meaning in order to meet particular cases.

All perishable property is personal property, but all personal property is not perishable property. Nevertheless, in its enlarged sense the term "perishable property" means personal property as distinguished from real property.

"Perishable goods" are those goods which are lessened in value and become worse by being kept. Bouvier's Law Dict.; Rawle's Revision, vol. 2, p. 655.

We think the term "perishable property" is used in its enlarged sense in the title of Act No. 263 of 1916, it being clearly the intention of the Legislature to protect only the vendor of merchantable commodities destroyed by fire, since it is often impracticable to obtain such protection through the use of the loss payable insurance clause customarily exacted by the holders of vendors' liens and mortgages bearing upon real estate.

For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.