306 So.2d 707 (1975)
TERREBONNE PARISH POLICE JURY et al.
v.
BOARD OF COMMISSIONERS FOR the ATCHAFALAYA BASIN LEVEE DISTRICT.
No. 55201.
Supreme Court of Louisiana.
January 20, 1975.
Frank W. Wurzlow, Jr., Ellender, Wright & Wurzlow, Houma, for plaintiffs-appellants.
Joseph W. Cole, Jr., Port Allen, for defendant-appellee.
*708 SANDERS, Chief Justice.
This is a declaratory judgment action. The Terrebonne Parish Police Jury and the Parishwide Forced Drainage District sought a judicial declaration that Act No. 610 of 1970 is valid and enforceable. The Board of Commissioners for the Atchafalaya Basin Levee District, which had asserted the unconstitutionality of the statute, was made defendant. The district court held the statute to be unconstitutional in that the title of the act was not indicative of its object, in violation of Article 3, Section 16 of the Louisiana Constitution (1921). The petitioners have appealed, asserting the validity of the statute. Hence, the appeal poses the question of the constitutionality of Act No. 610 of 1970.
Act No. 15 of the Extraordinary Session of 1968 authorized the Police Jury of the Parish of Terrebonne to create a Parishwide Forced Drainage District to drain and reclaim land located in the district. To finance its operations, the district was authorized to incur debt, issue bonds, and levy ad valorem taxes. Preliminary to its enactment, the act was advertised in Terrebonne Parish as local and special legislation pursuant to Article 4, Section 6 of the Louisiana Constitution (1921).
At the regular session of 1970, the Legislature undertook to amend the drainage district statute. This legislation was again advertised in Terrebonne Parish as local and special legislation. Act No. 610 of 1970, amending Act. No. 15 of the Extraordinary Session of 1968, was then enacted. In addition to other subject matter, the amendatory act contained the following provision:
"Any parish-wide drainage district formed in the parish of Terrebonne pursuant to this Act shall receive, on May 1 of each year, fifty percent of the contribution of funds made by the parish of Terrebonne to the Atchafalaya Basin Levee District and said levee district shall provide for the immediate transfer of said funds on that date."
The Board of Commissioners of the Atchafalaya Basin Levee District, resisting the transfer of any funds, attacks the constitutionality of Act 610 of 1970 on several grounds: (1) Although the act affects thirteen parishes in the Atchafalaya Basin Levee District, it was advertised only in Terrebonne Parish, in violation of Article 4, Section 6 of the Louisiana Constitution (1921); (2) the title of the act is not indicative of its object, in violation of Article 3, Section 16 of the Louisiana Constitution (1921); (3) the act permits Atchafalaya Basin Levee District funds to be used for unauthorized purposes in violation of Article 16, Section 2 of the Louisiana Constitution (1921); (4) the act produces a lack of uniformity of taxation in violation of Article 10, Section 1 of the Louisiana Constitution (1921); and (5) the act grants the funds of one political corporation to another political corporation in violation of Article 4, Section 12 of the Louisiana Constitution (1921).
Article 3, Section 16 of the Louisiana Constitution (1921) provides:
"Every statute enacted by the Legislature shall embrace but one object, and shall have a title indicative of its object."[1]
The dominant purpose of the title-body clause is to give the legislature and the public fair notice of the scope of legislation. The requirement is designed to defeat the deceptive practice of misleading the Legislature into the passage of provisions not indicated by the title of the bill. See State v. Welkner, 259 La. 815, 253 So. 2d 192 (1971); A. & M. Pest Control Service, Inc. v. La Burre, 247 La. 315, 170 So.2d 855 (1965); Comments, 8 La.L.Rev. *709 113 (1947), 6 La.L.Rev. 72 (1944). The title must not mislead. See: Succession of Pipitone, 204 La. 391, 15 So.2d 801 (1943); Airey v. Tugwell, 197 La. 982, 3 So.2d 99 (1941); Thornhill v. Wear, 131 La. 479, 59 So. 909 (1912).
This requirement is applicable to amendatory as well as original legislation. A. & M. Pest Control Service, Inc. v. La Burre, supra; Beary v. Narrau, 113 La. 1034, 37 So. 961 (1905); State v. American Sugar Refinery Company, 106 La. 553, 31 So. 181 (1901).
The title of Act 610 of 1970 reads:
"To amend and reenact Paragraph 1 of Section 3 and Section 4 of Act 15 of the Extraordinary Session of 1968 of the legislature entitled `To authorize the Police Jury of the Parish of Terrebonne to create, organize and operate drainage districts within said Parish to drain and reclaim land located therein, provide for the incurring of debt and issuance of bonds by such districts and the levy of ad valorem taxes thereby, and establish the powers and authority delegated to such districts to carry out their public purposes within the contemplation of Article XV of the Constitution of the State of Louisiana', to provide relative to the powers of the district, to provide for the receipt of certain funds and otherwise to provide with respect thereto."
As the trial judge noted, one of the main subjects of the act was to transfer substantial funds on a recurring basis from the Atchafalaya Basin Levee District to the Parishwide Forced Drainage District.
The Atchafalaya Basin Levee District was created by Act No. 97 of 1890 to provide flood protection and has been in continuous existence since that time. The statutory provisions relating to it now appear in the Louisiana Revised Statutes as LSA-R.S. 38:691 et seq. It is a political corporation. LSA-R.S. 38:697. It is authorized to levy a tax and acreage assessment on land within the district. The funds so collected are deposited in the State Treasury and disbursed only to carry out the purposes of the levee district. LSA-R.S. 38:698, 38:699.
The transfer of a portion of these funds from the political corporation that collects them for its special purposes to another political corporation is an extraordinary legislative subject. Such extraordinary subject matter must be indicated by the title in such a manner as to apprise the public of the change. Surety Credit Co. v. Tieman, 171 La. 581, 131 So. 678 (1930).
The title of the contested statute makes no mention of the Atchafalaya Levee Basin District, of the statute (LSA-R.S. 38:691-38:700) under which the Levee District operates and collects the funds, or of the transfer of the funds from one political corporation to another. It is true that the title refers to "the receipt of certain funds" by the Parishwide Forced Drainage District. In the context of the title, however, keyed only to Act No. 15 of the Extraordinary Session of 1968, the incurring of debt, the issuance of bonds, and the levy of ad valorem taxes, the truncated language gives no one fair notice that substantial funds were to be transferred annually from a long-established political corporation providing flood protection to the new forced drainage district.
In our opinion, the title is inadequate and misleading. We hold, as did the trial judge, that the statute violates Article 3, Section 16 of the Louisiana Constitution (1921) and is unconstitutional.
Since we hold the statute unconstitutional on the same ground as the trial judge, we do not reach the other constitutional issues raised in this proceeding.
For the reasons assigned, the judgment of the district court is affirmed.
NOTES
[1] A similar clause has been incorporated in all Louisiana Constitutions, except that of 1812: La.Const. (1845) Art. 118; La.Const. (1852) Art. 115; La.Const. (1864) Art. 118; La.Const. (1868) Art. 114; La.Const. (1879) Art. 29; La.Const. (1898) Art. 31; La. Const. (1913) Art. 31.